# Gilmer *v.* Mobile & Montgomery Railway Co.

*Action for Breach of Covenant.*

79 569
100 407

79 569
124 460

79 569
128 99

1. *When covenant runs with land.*—A covenant by a railroad corporation, in consideration of a grant of the right of way through plaintiff's lands fifty feet wide on each side of the track, to erect a "flag-station" at a point convenient to his house, to permit him to cultivate all the

[Gilmer v. Mobile & Montgomery Railway Co.]

land embraced in the grant which was not needed for use by the railroad company, and, if a depot was built, not to permit the sale of ardent spirits on the premises, runs with the land,· and is binding on an assignee with notice.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. JOHN MOORE.

This action was brought by George N. Gilmer, against the Mobile & Montgomery Railway Company, as the assignee and successor of the Alabama & Florida Railroad Company, to recover damages for alleged breaches of covenant; and was commenced on the 30th March, 1885. The covenants alleged to have been broken were contained in a written instrument under seal, dated March 7th, 1868, by which the Alabama & Florida Railroad Company, "in consideration," as therein recited, "of George N. Gilmer having sold and conveyed to said railroad company, for the sum of one dollar, the right of way and the land for fifty feet on each side of the centre line of said railroad extending through his plantation, and certain other privileges mentioned in the deed of conveyance given by said Gilmer," agreed and bound itself as follows: "The Alabama & Florida Railroad Company will stop the passenger and freight trains (when proper signals are given) at some convenient point opposite the house of said Gilmer, and receive and discharge (without extra charge) passengers and the sacked and baled produce of the farm, or other freight or produce of said farm, when the receiving and delivery of said other freight and produce can be done without seriously interfering with the running of schedule. The further privilege is given said Gilmer to cultivate such parts of said right of way not used by said railroad company, so long as the same may not interfere with the wants and requirements of said railroad company; and further, if at any time the said railroad company should erect a depot on said right of way, the sale of ardent spirits will be strictly prohibited." The complaint claimed that these stipulations were covenants running with the land, and were binding on the defendant as the assignee and successor of said Alabama & Florida Railroad Company; and alleged specific breaches of each. The court sustained a demurrer to the complaint, on the ground that the covenants were not binding on the defendant as assignee; and the judgment on the demurrers is now assigned as error.

TROY, TOMPKINS & LONDON, and MACDONALD & FERGUSON, for the appellant, contended that the covenants ran with the land, and cited the following authorities: *Robbins v. Webb*, 68 Ala. 393; s. c., 77 Ala. 176; *Atlantic Dock Co. Leavitt*, 13 Amer. R 556 ; Platt on Covenants, 69 ; *Norman v. Wells*,

VOL. LXXIX.

[Gilmer v. Mobile & Montgomery Railway Co.]

17 Wendell, 136; *Vernon v. Smith*, 5 Barn. & Ald. 1; *Vivyan v. Arthur*, 1 B. & C. 410; *Spencer's case*, 1 Smith's L. C. 63; *Patton v. Deshon*, 1 Gray, 525; *Norfleet v. Cromwell*, 70 N. C. 634; *Post v. Kearney*, 2 N. Y. 394; *Astor v. Hoyt*, 5 Wendell, 603; 2 Yeates, 74; 17 W. Va. 427; 64 Geo. 492; *Rennsalaer v. Dennison*, 35 N. Y. 393; *Moreland v. Cook*, 6 Eq. Cases, 252; 2 Phil. Ch. 774; *Cook v. Chillcott*, L. R., 3 Ch. Div. 694; 6 Heiskell, Tenn. 433; 19 Ohio St. 66; *Dorsey v. Railroad Co.*, 58 Ill. 65; *Howland v. Coffin*, 12 Pick. 125; 19 N. Y. 81; 27 Barb. 151; 12 N. Y. 131; 46 Penn. St. 445; 7 Peters, 606; *Baldwin v. Walker*, 21 Conn. 168; *Crawford v. Chapman*, 17 Ohio, 449.

WATTS & SON, *contra*, cited Rawle on Covenants, 342–3; Smith's Lead. Cases, vol. 1, p. 108; 4 Kent's Com. 471–72, note; *Brewer v. Marshall*, 18 N. J. Eq. 337, 342; *Conover v. Smith*, 17 N. J. Eq. 51; 2 Sugden on Vendors, 157, 191; 6 Wait's Ac. & Defenses, 396.

SOMERVILLE, J.—The action is one at law for the breach of certain covenants entered into with the plaintiff by the Alabama & Florida Railroad Company, a body corporate, from which the defendant derived title, as assignee, to a strip of land, including the right of way, through the farm of the plaintiff, situated in the county of Lowndes. In March, 1868, the appellant, who was plaintiff in the court below, conveyed to the said assignor of defendant this right of way and land, extending fifty feet on each side of the center line of the railroad track. In consideration of this grant, the said Alabama & Florida Railroad Company agreed in substance, by a separate instrument, to establish what we may briefly denominate a *flag-station* on said land, at a convenient point adjacent to the plaintiff's house, where both passenger and freight trains would stop, upon the giving of proper and usual signals, for the transportation of passengers and certain kinds of produce. The plaintiff was to have the right to cultivate so much of this right of way as may not be needed for use by the railroad, and so long as such cultivation did not interfere with its wants and requirements. It was further stipulated that, in the event of a depot being erected on the premises, the sale of ardent spirits would be strictly prohibited.

It is averred that the defendant corporation derived title by succession from the original vendee and covenantor, with full knowledge of the obligations growing out of the contract.

The Circuit Court sustained a demurrer to the complaint, and dismissed the action, on plaintiff's refusal to amend.

There is an agreement of counsel waiving so much of the

[Gilmer v. Mobile & Montgomery Railway Co.]

demurrer as raises any question touching the plaintiff's right to bring the action in his name, if it would lie at all upon the facts stated. The consideration of this point we, therefore, pretermit, assuming that the action was properly brought in the name of the plaintiff as husband, for the use of the wife.

The question for decision is, whether the covenants in question, or either of them, so run with the land, as to be of binding obligation at law upon the defendant, as the assignee of the covenantor.

A covenant is said "to run with land" when 'the liability to perform it, on the one hand, or the right to enforce it, on the other, passes to the vendee, or other assignee of the land. Such covenant must relate to, or, as is more commonly said, "touch and concern the land," and not as merely collateral to it, in order that the assignee of the land may be charged with their benefit or burden.—*Spencer's Case*, Smith Lead. Cas. 27. They are often called real contracts, because they are annexed or inhere to the realty as part and parcel of it, and "pass from hand to hand with the interest in the realty they are annexed to." 1 Addison Contr. § 430. And no doubt seems to exist as to the rule, that covenants may ·run with incorporeal, as well as with corporeal hereditaments, as in the case of tithes and rent-charges, which savor of the realty, because they are carved out of and charged on it.—2 Sugden Vend. 482. It is impossible to lay down any fixed rule by which to distinguish in all cases real covenants, which run with land, and are binding as such on heirs, devisees, and assignees, from those which are merely personal, and are binding only on the covenantor and his personal representative. The subject is one full of intricate learning, and the decisions of the courts touching it are greatly conflicting, and far from satisfactory. Among those, however, which have been decided to follow the realty into the hands of an assignee, are covenants of warranty and for quiet enjoyment, covenants by tenants to pay rent, to repair, maintain fences, reside on the premises, or cultivate the demised lands in a particular manner; not to carry on a particular trade on the premises leased or purchased; not to build on adjacent premises, and many others of an analogous character. Among those adjudged to be personal, and not therefore to touch or concern the land, are covenants made by owners of land between whom and the covenantee there is no privity or title or estate; a covenant not to hire persons of a certain description to work in a mill; or a covenant with a stranger not to permit a grist-mill to be erected on the owner's premises; a covenant by the vendor of lands not to permit marl to be sold from adjoining lands; by a lessee of a house to pay so much for every tun of wine sold in the house; or to buy all beer used by him from his

[Gilmer v. Mobile & Montgomery Railway Co.]

lessors or from his successors in trade.—Law Real Property (Boone), § 317; 1 Addison Contr. § 436 ; 2 Greenl. Ev., § 240; 1 Parsons' Contr. 231–233.

We cite two familiar cases only to illustrate the want of harmony in the decisions. In *Taylor v. Owens,* 2 Blackf. (Ind.) s. c., 20 Amer. Dec. 115, the owner of a town-site made a lease in which he covenanted that the lessee should have the exclusive right to sell merchandise in the town for ten years. It was held that the covenant did not run with the land, so as to be binding on subsequent purchasers of other town lots from the lessor. In *Norman v. Wells,* 17 Wend. 137, the defendant leased a mill-site to one from whom the plaintiff took by assignment, covenanting not to erect a rival mill on the same stream passing through his, the lessor's land. This was held to be a covenant running with the land, although it was to do something off the land demised, because it affected its value. It is observed by Mr. Washburn, that "such covenants, and such only run with the land, as concern the land itself, in whosoever hands it may be, and become united with and form a part of the consideration for which the land, or some interest in it, is parted with between the covenantor and covenantee."—2 Wash. Real Prop. (4th Ed.) 286 (16). And this is, perhaps, a correct principle.

As the class of covenants under consideration are annexed to the realty, and pass with it to the assignee as incident to it, the rule prevails, that there must be some privity of estate or of contract between the plaintiff and the defendant, before a covenant relating to land can be of binding force on the assignee of the covenantor, and that usually the covenantee must have some interest in the land, to which the covenantor's promise may be annexed; otherwise there would be nothing with which the covenant could run, or to which it could adhere as an incident. A distinction is sought to be made, between the *burdens* and the *benefits* of such covenants ; the assertion being made in the notes to *Spencer's case, supra,* that, at common law, the *burden* of covenants never run with land, save where there was a privity of estate between the covenantee and the covenantor— in other words, where there was a conveyance from one to the other—while the *benefit* might, in all cases, run without such privity or conveyance.—1 Smith's Leading Cases, 127, note. The soundness of this rule may be questioned, and there are numerous cases holding to the contrary ; for, as said by SELDEN, J., in *Van Rennsalaer v. Read,* 26 N. Y. 558, 574, "it has often been held, that covenants, both in their benefits and their burdens, run with the land where no tenure, in its strict sense, exists between the parties." But the necessities of the case in hand do not require us to discuss this particular branch of the

subject. Here, as we shall show, there is a privity of estate between the parties litigant; and that fact brings the case within the rule, that the burdens imposed on the land by the covenantor might follow it into the hands of the defendant as assignee and purchaser.

The question arises, what is the nature of that privity of estate which the law requires in order that the covenants may run with the lands. It is now settled among other rules, contrary to the earlier view of the subject, that the relationship between the parties need not be that of landlord and tenant, although this is clearly sufficient, and presents the most frequent instance of the application of the principle. There are well considered cases to be found, where land has been conveyed to vendees, charged with the payment of a perpetual "rent-charge," and the purchasers or assignees from such vendees have been held liable in covenant for the annual rents, and the right to sue has been decided to enure to the assignees of the rent; and this on the principle, that "the common ligament, the estate charged, unites the parties in interest as privies."— *Van Rennsalaer· v. Read,* 26 N. Y. 558. But, however this may be, there can be, in our opinion, no doubt as to the soundness of the principle, that this privity sufficiently exists, if the covenantee retains or acquires an easement, or interest in the nature of an easement, appurtenant to the lands to which the covenant relates; and this, whether such easement is acquired by grant or reservation, in either of which modes it may be created.—*Bronson v. Coffin,* 108 Mass. 175; s. c., 11 Amer. Rep. 335. Such easement is a privilege which the owner of one tenement has a lawful right to enjoy, in respect to that tenement, in or over the tenement of another person; and is usually created by imposing an obligation upon the owner of the servient tenement, in favor of the dominant estate, either to suffer something to be done, or to abstain from doing something, on or about the premises.—4 Kent's Com. 419; Washb. Easements, 4–5; *Robbins v. Webb,* 77 Ala. 176; s. c., 68 Ala. 393; *Parsons v. Johnson,* 68 N. Y. 62; s. c., 23 Amer. Rep. 149.

We think, in this case, the plaintiff retained an interest in the land conveyed to the assignor of the defendant, which was in the nature of an easement. He not only imposed a servitude upon the land, by a prohibition against the sale of ardent spirits on the premises, but retained the right to cultivate it under certain conditions and circumstances; thus retaining an interest in the realty which would preserve the privity of estate in it, and to which the covenant of defendant would attach, or become annexed.

A proper application of these principles leads us to the con-

clusion, that the condition assumed by the Alabama and Florida Railroad Company, the defendant's assignor, by which it was agreed to establish a "flag-station" on the road adjacent to plaintiff's house, and to permit plaintiff to cultivate the land on which the right of way was granted, imposed a burden on the land itself, and was not a mere personal covenant. It touched and concerned the land itself, and was not collateral to it, because it was to be performed on it, and affected the value of the adjacent land of the grantor, being greatly beneficial to it; and was in the nature of compensation by way of rent for the land conveyed, no other consideration having been paid therefor than that which was confessedly nominal.—1 Smith's Lead. Cases, 22–27, and *note*, with cases cited. Its performance or non- performance, also, affected the mode of enjoyment of the granted premises, and their value or quality, so as to render the title acquired by the vendee a subordinate one; and this is one of the tests by which to decide whether the covenant is inherent in the land itself.—1 Addison on Contracts, § 435. In other words, the covenant of the vendee "qualified the estate which he took, and attached itself to that estate." *Atlantic Dock Co. v. Leavitt*, 54 N. Y. 35; s. c., 13 Amer. Rep. 556. Without consuming time to review the adjudged cases, we refer to the following authorities in support of this conclusion: *Morse v. Aldrich*, 19 Pick. 449; *Bronson v. Coffin*, 11 Amer. Rep. 335; *Wollscroft v. Morton*, 15 Wisc. 198; *Norman v. Wells*, 17 Wendell, 136; *Van Rennsalaer v. Read*, 26 N. Y. 558; *Trustees of Watertown v. Cowen*, 4 Paige, 510; 15 Sim. Eng. Ch. 228; 1 Smith's Leading Cases, 27, and notes; *Fulton v. Stuart*, 15 Amer. Dec. 542, and notes; *Webb v. Robbins*, 68 Ala. 293, and 77 Ala. 176; *Dorsey v. St. Louis Railroad Co.*, 18 Ill. 65; *Southern R. R. Co. v. Reeves*, 64 Ga. 492; *Lydick v. B. & O. Railroad Co.*, 17 W. Va. 427; *Norfleet v. Cromwell*, 16 Amer. Rep. 787.

The thing to be done by the covenantor in this case related to the land, and, being annexed to it, the assignee, by accepting possession of the land, became bound by the covenant, as one running with the land, without being named in the agreement. *Fulton v. Stuart, supra;* Taylor on Landlord & Tenant, § 437; *Spencer's case*, above cited; *Morse v. Aldrich*, 19 Pick. 446; 1 Add. Contracts, Morgan's ed., § 455.

There is a class of cases, unlike the present, in which courts of equity intervene for the establishment and enforcement of easements, whether created by deed or covenant, by assuming jurisdiction in the nature of that for specific performance. These we do not propose to discuss, but merely observe, that equity will enforce easements or servitudes of this nature, against purchasers with notice, as a burden or charge on the

[Spence v. Mobile & Montgomery Railway Co.]

servient estate, although the plaintiff could not sue at law upon the covenant creating such servitude; in other words, even though the covenant does not, in the strict sense of the term, "run with the land."—*Trustees v. Lynch*, 70 N. Y. 449, or 26 Amer. Rep. 615; Pomeroy's Equity, §§ 692, 1303, 1347; 3 Parsons on Contracts, 353, note *k*.

The averments of the complaint were sufficiently certain to recover nominal damages for the alleged breach of covenant; and this would be sufficient on demurrer. We need not, therefore, discuss the other assignments of error.

The court below erred in sustaining the demurrer to the complaint; and the judgment must be reversed, and the cause remanded.