# Noojin v. Cason.

# Cason v. Noojin.

### *Action on Account.*

1. *Vendee: what defense may make.*—Where a vendor of a lot of land represented to his vendee, at the time of the purchase by him and as an inducement to him to make it, that the vendee by his succession to the title would have the privilege of build-ing to a brick wall on an adjoining lot on certain specified terms, and the vendee purchased relying on such representa-tion, which afterwards proved to be false, the misrepresenta-tion was not in respect to the title to the lot, since the title it-self was not affected by the existence or non-existence of an easement in the adjoining wall; and the vendee may, without yielding the possession of the lot, set up the non-existence of the easement as a defense *pro tanto* to a suit by the vendor for the purchase money.

2. *Statute of frauds; no application to a transfer of easement run-ning with land.*—An easement may be created by exception or reservation from a grant of land or by a covenant running with the land. And an easement when once created by a cov-enant running with the land may pass to those subsequently taking title to the land in privity with the grantee, merely by a sale and conveyance of the land itself, without mention of the easement. The statute of frauds is, therefore, inappli-cable to such a transfer of an easement if there has been due compliance in respect to the land itself.

APPEAL from Gadsden City Court.

Tried before Hon. JOHN H. DISQUE.

Cason and another brought suit against Noojin to re-cover a balance claimed to be due as purchase money of a lot of land. The defendant pleaded that the plaintiffs represented to him, at the time of the purchase and sale, that the purchaser of the lot would have the privilege of building to a brick wall on an adjoining lot at and for a specified sum; and that the defendant relied on said representation and it was an inducement and considera-

[Noojin v. Cason.]
[Cason v. Noojin.]

tion for the purchase, and was false to the damage of defendant; which damage he pleads as a defense *pro tanto* to the suit. The plaintiffs demurred to this plea on the ground that the defendant still held the possession of the land and could not, without yielding possession, defend on account of defects in the title, and further that the plea was an attempt to set up an oral agreement concerning the sale of land. The demurrer was overruled. The plaintiffs replied that the matters and things alleged in the plea were not in writing signed by the parties to this action. The defendant demurred to the replication on the ground that the facts set out in the plea were not such as are required to be in writing. This demurrer was overruled. The defendant appealed, and the plaintiffs by consent of defendant made cross assignmnt of errors.

BURNETT & CULLI, for appellant, contended that this suit was not in regard to land or the title to land, but to something connected with land; and that it was similar in all respects to a suit for the purchase money of land in which the defendant pleads misrepresentation as to the quantity of land sold, citing, *Bridges v. McClendon,* 56 Ala. 332; *Blackman v. Johnston,* 35 Ala. 250; *Gibson v. Marquis,* 29 Ala. 672.

DORTCH & MARTIN, *contra,* contended that this action was in regard to the title to land, and that the defendant could not resist payment of the purchase money while he held the possession of the land, citing, *Ansley v. Bank of Piedmont,* 100 Ala. 209; 32 Ala. 410; 34 Ala. 663; 15 Ala. 69; 4 Ala. 21; 6 Ala. 785; 56 Ala. 550. And further that the plea was bad for inconsistency, citing, 21 So. Rep. 62. And further that the demurrer to the replication to defendant's plea was rightfully overruled because the sale of the easement, if there was such sale, was a sale of an interest in land and void under the statute of frauds, citing, 117 Ala. 449; 61 Mich. 543.

SHARPE, J.—The defense presented by plea 2 does not fall within the principle which denies to a vendee of

land holding its possession under the purchase the right to defend against a suit for the purchase money by showing that the contract of sale was induced by misrepresentations as to title. The alleged misrepresentation was in effect that the title to the lot sold was attended with an easement in the adjoining wall which would pass to the defendant by virtue of his succession to that title. The title to the lot itself was not affected by the existence or non-existence of an easement in the adjoining wall so that the alleged misrepresentations were not made in respect of that title and the fact that defendant holds possession of the lot does not preclude him from setting up the non-existence of the easement as a defense *pro tanto*. The plea was not subject to the demurrer interposed to it. Though such an easement would have been a property right distinct from the lot itself, and while it could not have been conveyed by parol agreement, yet it was possible for it to have originated in such way as to pass to a purchaser of the lot by force of a deed containing no other description of the property sold than that of the lot itself. An easement may be created by exception or reservation from a grant of land or by a covenant running with the land.—*Gilmer v. Mobile &c. R'y Co.*, 79 Ala. 569; *Webb v. Robbins*, 77 Ala. 176; *Ladd v. Boston*, 151 Mass. 585. And an easement when once created by a covenant running with the land may pass to those subsequently taking title to the land in privity with the grantee merely by the sale and conveyance of the land itself without mention of the easement.—*Hogan v. Barry*, 143 Mass. 538; *Norcross v. James*, 140 Mass. 188; *Brown v. Staples*, 28 Me. 497. The statute of frauds is therefore inapplicable to such a transfer of an easement if there has been due compliance in respect to the land itself. The title to the lot was not affected by the easement so that the alleged representation was not respecting the title, but had reference to a property right which might well have entered into the consideration of the sale. The effect of the plea is to show a deficiency, not of title, but of property the subject of the sale, in diminuation of the plaintiff's claim. The case is analogous to those wherein a deficiency in the quantity

of the land itself was pleaded and allowed in defense of suits for purchase money and is governed by like principles.

On the appeal of Ellen H. and D. E. Cason the judgment overruling the demurrer to the plea will be affirmed. On the appeal of J. T. Noojin the judgment overruling the demurrer to the replication will be reversed and the cause will be remanded.