199 So. 851

**PUGH v. WHITTLE et al.**

**3 Div. 325.**

Supreme Court of Alabama.

Jan. 23, 1941.

L. A. Sanderson, of Montgomery, for appellant.

Walter J. Knabe, of Montgomery, for appellees.

KNIGHT, Justice.

Bill in equity seeking declaratory judgment as to the right of complainant to erect, on a certain described lot in the City of Montgomery, Alabama, a residence to front north on Locust Street in said city, notwithstanding the restrictive covenant contained in the deed of conveyance from

the respondent Sarah Frances Tobias Whittle, through whom, by mesne conveyances, the complainant deraigns title, "That any residence placed upon any of said lots shall front east." The lot in question was one of the lots conveyed by said deed.

The City of Montgomery is made a party defendant to the bill along with the respondent Whittle.

The respondent Whittle filed demurrers to the original and amended bills, challenging the equity of the same. These demurrers were sustained by the court, and this appeal is prosecuted from that interlocutory decree.

The bill avers that the lot in question is 50 feet wide and 150 feet in length, and fronts north on Locust Street in the City of Montgomery; that it is of small value, and, in fact, is "practically of no market value whatever to complainant or any one else, unless a residence dwelling can be placed on the same"; that the complainant is desirous of constructing a residence upon said lot, but that the respondent Whittle "objects and forbids" him from constructing such residence unless the same shall front east, and that she has threatened to sue him for damages "and/or" to enjoin him should he undertake to construct a residence on said lot which does not front east. That "if he did build a dwelling on said lot fronting east, it would be of practically no value to him or any one else, and under the laws and ordinances of the City of Montgomery, Alabama, now in force and effect, he is required to obtain a permit from said city and/or its constituted authority, before he is allowed to erect a dwelling house on said lot; and the City of Montgomery will not and would not give him or to any one else a permit to erect a dwelling house on said lot fronting east." It is here proper to note that the ordinances of the City of Montgomery regulating the building of residences in the City of Montgomery were in force and effect at the time the respondent Whittle conveyed said property to complainant's mesne grantor. Said ordinances appear in the report of the case.

The lot in question is a vacant lot fronting 50 feet on the south side of Locust Street, and runs south 150 feet and there adjoins property of respondent Whittle. There is no street on the east upon which said lot abuts. The property immediately to the east of said lot is private property of other parties, and separates complainant's lot from any street on the east. In the conveyance to complainant the property is described as "Lot Number 3, in Block 59, according to the Plat of Highland Park Improvement Company, as recorded in the office of the Judge of Probate of Montgomery County, Alabama, in Plat Book 1, at pages 106½ et seq."

It is further averred that if complainant should construct a residence on said lot fronting east it would be in violation of Section 854 of the City Code, in that said residence would not be in line with any of the residences fronting on said Locust Street; that if he should construct a dwelling on said lot fronting east it would necessarily be of a substantially different type or size from the existing buildings in the immediate vicinity of said lot, in that said lot is only 50 feet wide and is not of sufficient dimensions to build a residence thereon fronting east; and that it would be impossible to get permission from the owners of buildings in the immediate vicinity of said lot to build a dwelling house fronting east; that if he should build or attempt to build such dwelling fronting east it would be in violation of provisions of Section 856 of the City Code, in that the building would not be constructed on the lot as platted. It is further averred that Locust Street is an improved street, has a city sewer and water main; and that all new residences must, under the laws and ordinances of the City of Montgomery, be connected with the city sewer and city water line. That no other street in said city "adjoins or touches" said lot of complainant.

It is also averred that if complainant should erect a dwelling on said lot fronting east, if it were a dwelling of sufficient size to be of any market value, "and not substantially different in type or size from the existing buildings in the immediate vicinity in said block," it would be in violation of Section 857 of the City Code, in that the walls of said building "would necessarily be nearer than three feet of the exterior lot lines."

After demurrers were filed to the bill by the respondent Whittle, the complainant amended the same by averring that since the dates of said deeds there has been a material change in the neighborhood and vicinity where said lot is located in this: "That Locust Street on which said three lots front has been materially im-

proved by the City of Montgomery, Alabama, same having been graveled and drainage connections installed and sanitary sewer and water line placed therein and also gas lines have been laid in said street, and that said Buford Street has not been improved, and no sewer or water lines have been placed and installed in said street."

To the bill as thus amended the respondent Whittle refiled her demurrers, and the same were sustained by the court.

The bill specifically prays for declaratory judgment determining:

(1) Whether any residence that may be constructed on said lot must front east; (2) whether or not complainant may lawfully construct a residence on said lot to front north on Locust Street; and that should the court determine that complainant may construct a residence on said lot fronting north on Locust Street, but that thereby the respondent Whittle would suffer damage, that the court fix the amount to be paid by complainant to the said Whittle (but it is noticeable that complainant makes no offer to pay same) ; and for general relief.

· The provisions of the city ordinances, as heretofore pointed out were all in force and effect when complainant bought the property, and he knew at that time of the restrictive covenant in the Whittle conveyance.

The bill wholly fails to show that any real, substantial or fundamental changes have occurred with respect to the property in question, or in the locality of this property, since the acquisition of the lot by the complainant, which would render observance of the restrictive covenant impossible, or so onerous, that its enforcement would impose great hardship upon him, and cause little or no benefit to the respondent Whittle. To be sure the complainant undertakes to aver in terms that there has been a "material change in the neighborhood and vicinity where said lots are located," but the change consisted only in the graveling of Locust Street, and the installing of a water line and a sanitary sewer in said street. But the fact remains, that complainant's said lot with a residence thereon fronting east, would be just as accessible to said street, the water line, and sewer drainage, as it would be if the residence should front North on Locust Street.

■ ■ The question here presented is not new in this jurisdiction. Long since it was established by this court, in agreement with the holding of the highest courts in many of our sister states, that one who owns land in fee, cannot be compelled to sell or dispose of it, except by the assertion of the right of eminent domain. Having the right of disposition, the owner may sell and convey a fee, or an interest less than a fee, and the quantum of interest he would sell and convey must depend on the agreement he and the purchaser might make.

■ ■ In this case the owner executed the conveyance with the limitation, or restrictive covenant "that any residence upon any of said lots shall front east." This conveyance, with the limitation above stated, was accepted by the purchaser. Neither the purchaser, nor any one holding under and through him, with notice, actual or constructive, of the restrictive covenant can complain, for he "purchased and paid for only a qualified use; and, the limitation being expressed in the face of his title, all men coming in under him are charged with knowledge of it." Morris & Morris v. Tuskaloosa Mfg. Co., 83 Ala. 565, 3 So. 689, 691; McKee v. Club-View Heights, Inc., 230 Ala. 652, 162 So. 671; Scheuer v. Britt, 218 Ala. 270, 118 So. 658; Johnson v. Thweatt, 18 Ala. 741; Dudley v. Witter, 46 Ala. 664. And this court, in the Morris case, supra, held that "The benefit of this reservation or servitude follows the lands of the seller—the dominant estate—into whose hands soever it may pass, and against any and all persons who succeed to the servient estate, with notice, actual or constructive, of the limitation or servitude resting upon it. Washb. Easem., 4th Ed., 37; Webb v. Robbins, 77 Ala. 176; McMahon v. Williams, 79 Ala. 288."

■ The restrictive covenant in the conveyance of Mrs. Whittle, above set out, in nowise contravenes any public policy of this state nor is it otherwise illegal.

■ But it is insisted that "material changes of conditions in the vicinity have occurred which render void the restrictions." Suffice it to say the bill does not disclose any material change in the vicinity of said lot, and hence this contention must fail.

The bill, as drawn, considered in any of its aspects, if in fact it has more than one

aspect, is wholly without equity, and the court properly sustained respondent's demurrer thereto.

We pretermit any discussion, or consideration of the validity of the ordinances, or any of them, which are set out in the bill in this cause. A determination of their validity is not necessary to a decision in this case on this appeal. See Eubank v. Richmond, 226 U.S. 137, 33 S.Ct. 76, 57 L.Ed. 156, 42 L.R.A.,N.S., 1123; 9 American Jurisprudence, § 5, pp. 201-202, and cases there cited.

It follows from the foregoing opinion that we are of the opinion, and so hold that the decree of the circuit court is due to be affirmed. It is so ordered.

Affirmed.

GARDNER, C. J., THOMAS and BROWN, JJ., concur.