132 So.2d 581

REPUBLIC STEEL CORPORATION

v.

Robert R. PAYNE.

REPUBLIC STEEL CORPORATION

v.

Kathleen PAYNE.

6 Div. 406, 407.

Supreme Court of Alabama.

June 29, 1961.

Rehearing Denied Sept. 14, 1961.

Burr, McKamy, Moore & Thomas, Birmingham, for appellant.

Hogan, Callaway & Vance, and Dempsey F. Pennington, Birmingham, for appellees.

GOODWYN, Justice.

Appellees brought separate suits in the circuit court of Jefferson County against appellant, Republic Steel Corporation, herein sometimes referred to as "Republic", to recover damages for injuries allegedly suffered by them as the result of inhaling smoke fumes and gases emanating from a rock pile maintained by Republic in its mining operations at Sayre, in Jefferson County, Alabama. The husband also claimed in his complaint for loss of his wife's services. The complaints contained counts charging both negligence and wantonness.

Appellees are husband and wife. During the period complained of they lived in a house adjacent to Republic's operations at

Sayre. They were living there under a lease arrangement with Marc Levine and Joseph A. Green, owners of the land subject to certain reservations, exceptions, covenants and easements set forth in Republic's deed to them of December 12, 1950, hereinafter discussed. The said deed was filed for record in the office of the judge of probate of Jefferson County on February 21, 1951, prior to the time the appellees moved on the land.

The two cases were consolidated for trial and were submitted here on one record. The jury returned verdicts in favor of both the husband and wife. Judgments on said verdicts were duly rendered. Republic's motions for new trials in both cases being overruled, it brought these appeals from the the final judgments and also from the judgments overruling its motions for new trials.

Republic's superintendent, J. L. Myers, was made a party defendant in both cases and in both cases the jury found in his favor.

The principal question concerns the effect on Rupublic's liability of certain provisions contained in the above deed from Republic to Levine and Green. This issue is presented by Republic's pleas 3 through 7 addressed separately to each count of each complaint, demurrers to which were sustained, and also by the refusal of Republic's requested affirmative charges under its pleas of the general issue and the denial of its motions for new trials.

The conveyance from Republic to Levine and Green was made subject to certain "reservations, exceptions, covenants and easements * * * reserved to the seller, its successors, assigns, grantees, licensees and/or contractors", among which are the following, viz.:

"4. The conveyance of said real estate shall be made upon the further conditions which shall constitute a covenant running with the land that neither the Seller nor any of its successors, associates, assigns, grantees, licensees or any person, firm or corporation operating partially or wholly under contract with said Seller, its successors, associates, assigns, grantees or licensees shall at any time become liable to the Purchasers or Purchasers' heirs, assigns or successors in interest for damages on account of any injuries or damages to land herein described or any building, structures, improvements or property of any kind or character now or hereafter located upon said land or to any owners, occupants or other persons in or upon said land resulting from or in any way connected with the operation or operations of Seller, its successors, associates, assigns, grantees, licensees or parties operating wholly or partially under contract with the same and Purchasers for themselves and for their heirs, legal representatives, assigns and successors in interest, do waive and release the Seller, its successors, associates, assigns, grantees, licensees or contractors, from any and all claims for damages and all liability by reason of damages either to persons or property which may in any way be caused or occasioned at any time heretofore or hereafter, directly or indirectly, by the operations as aforesaid and Purchasers do for themselves and for those who may hold title to any of said real estate under or through them covenant not to sue for any of said injuries or damages. Without in any way limiting the generality of the provisions of this paragraph the word 'damages' as herein used shall be held to include (a) Damages resulting from deposits, airborne or otherwise, of dust, fumes, particles or other matter from mining of coal and minerals, washing, conditioning or processing of the same or other operations. (b) Damages which, except for the covenants herein contained, might be claimed to have resulted from the maintenance of a nuisance because of operations of Seller, its successors, associates, assigns,

grantees, licensees or contractors, which may now be maintained or which may hereafter be maintained on property now or hereafter owned or controlled by such parties. (c) Damages resulting from blasting. (d) Damages resulting from noxious or other gases. (e) Damages which, except for the covenants herein contained, might be claimed to have resulted from deposits in, consumption or diversion of or pollution, or the use in any way of water or any streams on or in the vicinity of the real estate herein described. The term 'operation' as used in this paragraph includes not only present methods of operation, but any method which may be used at any time or from time to time in the future, regardless of whether such future operations may be of greater or less extent and regardless of whether such operations may result in greater or less damage in any way than would occur from present operations."

The conveyance also contains the following provision: " * * * it is understood that the conditions, covenants, easements, reservations and exceptions herein set out have materially reduced the amount of the consideration of this conveyance * * * ."

We are at the conclusion that appellees had constructive notice of the provisions of the recorded deed; that they occupied the property subject to such provisions; and that such provisions operated as a release of Republic's negligence (assuming, without deciding, that the evidence supports a finding of negligence). We also entertain the view that, under the facts of this case, there has not been a showing of wantonness on the part of Republic. We proceed to a discussion of our reasons for these conclusions.

 The rule seems to be well settled that an easement may be the subject of a reservation; and that a reservation of

an easement in a deed by which lands are conveyed is equivalent, for the purpose of the creation of the easement, to an express grant of the easement by the grantee of the lands. See: Webb v. Robbins, 77 Ala. 176, 183; McMahon v. Williams, 79 Ala. 288, 290–292; Gilmer v. Mobile & Montgomery Railway Co., 79 Ala. 569, 574, 58 Am.Rep. 623; Morris & Morris v. Tuskaloosa Manufacturing Co., 83 Ala. 565, 571–572, 574, 3 So. 689; Noojin v. Cason, 124 Ala. 458, 460, 27 So. 490; Webb v. Jones, 163 Ala. 637, 50 So. 887; McKee v. Club-View Heights, 230 Ala. 652, 654, 162 So. 671, 673; Moseby v. Roche, 233 Ala. 280, 282, 283, 171 So. 351; Pugh v. Whittle, 240 Ala. 503, 506, 199 So. 851; Buckalew v. Niehuss, 249 Ala. 585, 587, 32 So.2d 299; 17A Am.Jur., Easements, § 31, p. 641; 28 C.J.S. Easements § 25, p. 679. As said in McKee v. Club-View Heights, supra:

"It is well settled by the repeated decisions of this court that the owner of land, in making a sale thereof, may retain an easement or impose a servitude in the land sold, and, when not in restraint of trade, may retain in himself certain uses, which would otherwise pass to the grantee. 'Such retention, or limitation of the use, being a condition upon which the estate is acquired, attaches as an infirmity in the estate itself, and as a privilege or easement in the estate of the grantor, in whose favor the limitation is imposed.' Webb v. Robbins, 77 Ala. 176, 183. The grantee in accepting the deed containing such conditions or covenants accepts the title encumbered thereby, and is bound as though he had signed the conveyance, and 'he cannot complain, for he purchased and paid for only a qualified use.' * * * "

From Buckalew v. Niehuss, supra, is the following:

"An owner of property in fee can dispose of it with such a restriction imposed and (except by eminent do-

main) could not be compelled to sell it on any other terms. The grantee who accepts the property with this limitation or servitude on the right to use it has no lawful complaint and neither he nor any person succeeding to his estate with notice, actual or constructive, of the restriction imposed can, by judicial fiat, invoke the enlargement of the estate which was not purchased or conveyed. The benefit of this reservation follows the title and serves the dominant estate and the successors in title to the original grantee, with notice of the servitude, are bound by it. * * *" [249 Ala. 585, 32 So.2d 300.]

 The manifest intention of the parties to the deed, as gathered from the language used, was that there be reserved or created an easement in favor of Republic to do the very things complained of. And, since the easement is incident to the ownership of lands and does not involve a person or corporation engaged in public service, the exculpatory provisions of the easement, to the extent that they relieve Republic of liability for its negligence, are not against public policy. See: Life & Casualty Ins. Co. of Tennessee v. Porterfield, 239 Ala. 148, 150, 194 So. 173; Housing Authority of Birmingham Dist. v. Morris, 244 Ala. 557, 563, 14 So.2d 527; Wheeler, Lacey & Brown, Inc. v. Baker, 269 Ala. 293, 294, 112 So.2d 461. See, also, Anno. "Limiting Liability For Own Negligence", 175 A.L.R. 8. In our view, such provisions constitute an effective defense against appellees' claims charging Republic with negligence.

As already noted, the deed contains a provision that the price paid for the land by Levine and Green was materially reduced because of "the conditions, covenants, easements, reservations and exceptions set out" in the deed. The effect of this and the provisions relieving Republic of liability was that Levine and Green contracted for all damages to be done to them, and their successors in interest, by the fumes and gases, which they had a legal right to do; and agreed that fumes and gases from Republic's operations could go on and over their lands, without Republic being liable therefor, a thing they had the right to do; and agreed, for themselves and their successors in interest, not to sue for any future damages resulting from such fumes and gases (such covenant operating as a release, Flinn v. Carter, 59 Ala. 364, 366; 45 Am.Jur., Release, § 3, p. 676; 76 C.J.S. Release § 44, p. 675), which they had a right to do. So, Levine and Green having the right to contract with respect to such things, their lessees thereafter, with actual or constructive notice of such easement and the conditions incident thereto, stand in no better position than they do. See: Webb v. Robbins, supra; McMahon v. Williams, supra; Morris & Morris v. Tuskaloosa Manufacturing Co., supra; Adler & Co. v. Western Railway of Alabama, 192 Ala. 507, 513, 514, 68 So. 361; City of Birmingham v. Graham, 202 Ala. 202, 204, 79 So. 574; Scheuer v. Britt, 218 Ala. 270, 273, 118 So. 658; Moseby v. Roche, supra; Pugh v. Whittle, 240 Ala. 503, 506, 199 So. 851; Buckalew v. Niehuss, supra; Code 1940, Tit. 47, § 102. As said in Pugh v. Whittle, supra:

"* * * This conveyance, with the limitation above stated, was accepted by the purchaser. Neither the purchaser, nor any one holding under and through him, with notice, actual or constructive, of the restrictive covenant can complain, for he 'purchased and paid for only a qualified use; and, the limitation being expressed in the face of his title, all men coming in under him are charged with knowledge of it.' * * * And this court, in the Morris case, supra, held that 'The benefit of this reservation or servitude follows the lands of the seller—the dominant estate—into whose hands soever it may pass, and against any and all persons who succeed to the servient estate, with notice, actual or construc-

tive, of the limitation or servitude resting upon it. * * *'" [240 Ala. 503, 199 So. 854.]

■ Apparently, the trial court took the position, as do appellees, that since the exculpatory provisions of the deed make no mention of "negligence", it was not intended to exonerate Republic from liability for its negligence, particularly in view of the rule that such provisions should be strictly construed against exoneration. Although the word "negligence" is not used, it seems to us it was clearly intended to release Republic from liability for its negligence. Otherwise, most of the exculpatory provisions, including the covenant not to sue, would be without meaning. It is difficult to see how such provisions could have been more comprehensively drafted to relieve Republic from liability for damages, whatever might be the basis therefor, except, perhaps, by specifically using the word "negligence." But failure to use such word is not alone determinative of the intention of the parties. To say it was intended to relieve Republic only from liability for damages based on a nuisance (cf. Terrell v. Alabama Water Service Co., 245 Ala. 68, 70–71, 15 So.2d 727), would be to disregard the plain and unambiguous wording of those provisions exonerating Republic "from *any* and *all* claims for damages and *all* liability by reason of damages either to persons or property which may *in any way* be caused or occasioned at any time," and the covenant not to sue.

■ Appellees seem to take the position that since Republic (as contended by appellees but denied by Republic) knew the gases and fumes from the rock pile would probably cause injury to appellees, but nevertheless persisted in using and maintaining it without taking appropriate remedial measures, that such action and failure to act constituted wantonness on the part of Republic. We are unable to agree with this reasoning. Here, there was no duty on Republic to prevent such fumes and gases from going over on the property occupied by appellees, but to the contrary. As already discussed, Republic had an easement giving it the privilege of doing the very thing of which appellees complain and of which they had notice before moving on the property. It would be an anomaly to say, under the circumstances of this case, that Republic had the right to so use the property occupied by appellees, yet would be guilty of wantonness if it did so use it. Consciousness that injury to appellees would probably result cannot, under the circumstances here present, operate to convert Republic's continued rightful use of the property into an act of wantonness; for whatever right appellees had to be on the property was subordinate to Republic's right to have fumes and gases from its rock pile go on and over it. It seems to us that appellees' claimed injuries more properly are chargeable to their continued occupancy of the property after experiencing the presence of the fumes and gases than to the continued doing by Republic of what it had the right to do. We do not think the circumstances of this case establish wantonness on the part of Republic.

From what we have said, it follows that it was reversible error to refuse appellant's requested affirmative charges with hypothesis as to both the negligence and wanton counts in both cases.

Judgments in both cases are reversed and the causes are remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.