Patricia H. GORE, who sues as Administratrix of the Estate of Charles Albert Gore, Deceased, Plaintiff,

v.

TRI–COUNTY RACEWAY, INC., Defendant.

Civ. A. No. 74–31–E.

United States District Court, M. D. Alabama, E. D.

Oct. 8, 1974.

Charles E. Floyd, Phenix City, Ala., J. Walter Owens, Owens, Littlejohn, Gower & Pugh, Columbus, Ga., for plaintiff.

Hatcher, Stubbs, Land, Hollis & Rothschild, Howell Hollis, Columbus, Ga., for defendant.

## JUDGMENT

VARNER, District Judge.

This cause is now submitted upon the Defendant's motion for leave to amend its defensive pleadings filed herein July 5, 1974. The amendment and the defense therein were treated by the Court as a motion for summary judgment by its order of July 17, 1974. The defense offered in the motion is that Charles Albert Gore executed a release in favor of Tri-County Raceway, Inc., which bars any right of action the Plaintiff might otherwise have.

## I. STATEMENT OF FACTS

This action arose out of the death of Charles Albert Gore as a result of injuries sustained in a wreck which occurred during an auto race, and Plaintiff seeks damages for Charles Gore's death relying on the theories of negligence and breach of contract.* Jurisdiction of this Court is based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

The Plaintiff is the widow of Charles Albert Gore, deceased, and she has been duly qualified as administratrix of the estate of the decedent.

The Defendant is Tri-County Raceway, Inc., an Alabama corporation, the race track involved in this case.

On May 19, 1972, Charles Gore was a participant in an automobile race at Defendant's race track. During the course of the event, he was involved in a wreck and sustained severe injuries resulting in his death on May 31, 1972. Defendant contends that prior to the actual race Charles Gore paid the entry fee and executed a required release and waiver of all liability in favor of Defendant. In her amended complaint, Plaintiff states that she is without knowledge upon which she can admit or deny the execution of said release and demands proof of such execution by the Defendant. Plaintiff additionally alleges many factors which, if proven, could obviate the effect of the release if it was executed by Charles Gore. Plaintiff contends that her demand of strict proof of the execution of the release creates a material issue of fact making summary judgment inappropriate.

The evidence which the Court has before it on this motion consists of the signed release form and the depositions of C. M. Duke, Eddie Graham and Danny Hall. One of the signatures on the release is, on face value, that of Charles Gore. No evidence has been presented

* See Appendix A.

which in any way contradicts that the said signature is that of Charles Gore, and Plaintiff does not deny that the signature is that of the deceased.

In addition to the signature itself, the depositions present evidence of the proper execution of the release. This evidence is that C. M. Duke, an officer of Defendant, instructed Eddie Graham to obtain a signature from every person entering the pit area. On the occasion in question, Graham had a table at the pit gate on which he kept the release form. Graham informed each person that the paper was a release and each person had an opportunity to read the release before signing it. Graham never knowingly permitted one person to sign for another. The person who signed "Charles Gore" on the release form identified himself as Charles Gore to Graham. This evidence is uncontradicted.

## II. CONCLUSIONS OF LAW

■ It is well established that a party against whom a summary judgment motion is made cannot rest upon the mere allegations of his pleading to establish the presence of a material issue of fact. Rule 56(e), Federal Rules of Civil Procedure, states:

> "[W]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Mr. Justice Marshall in *First National Bank v. Cities Service*, 391 U.S. 253, at 289, 88 S.Ct. 1575, at 1592, 20 L.Ed.2d 569 (1968), stated that:

> "What Rule 56(e) does make clear is that a party cannot rest on the allegations contained in his complaint in opposition to a properly supported summary judgment motion made against him."

It seems abundantly clear that Plaintiff cannot rely on the allegations of her complaint as a defense to the summary judgment motion. The only evidence before the Court on this motion favors the Defendant, and Plaintiff has not shown any evidence to support her allegations.

■ Defendant's motion is properly supported by the depositions and the attached release. There is no evidence that the signature of Charles Gore was forged or that the release was for any other reason not properly executed. Accordingly, this Court finds that, based on the evidence before it, the release was properly executed by Charles Gore.

■ If the release is sufficient to allow the Defendant to avoid liability in this case, the Defendant's motion for summary judgment is due to be granted. Under the doctrine of *Erie R. R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the laws of Alabama must be applied in resolving this issue. No Alabama case has been found by the Court or by counsel for either party dealing specifically with a waiver of liability in automobile race track operations. Alabama does, however, seem to follow the general rule that a release of liability from the releasee's own negligence is valid absent any considerations of public policy involved in the situation. Validity of releases in Alabama is shown in *Republic Steel Corp. v. Payne*, 272 Ala. 483, 132 So.2d 581 (1961), where the Court upheld a release of a grantor from liability for his negligence. The Fifth Circuit, in *Black Warrior Membership Corp. v. Mississippi Power Co.* , 413 F.2d 1221 (5th Cir. 1969), relied on *Republic Steel*, supra, in upholding an indemnity agreement which the Court said was substantially the same as a release from the releasee's negligence. In the comment entitled "Contractual Exemptions from Liability for Negligence in Alabama", 17 Ala.L.Rev. 283 (1965), the commentator concludes:

> "[A]nalysis of the Alabama decisions indicates that in this state those engaged in public enterprises, falling under the traditional heading of utilities,

cannot ordinarily contract away their liability to those to whom they render services as utilities. On the other hand, in the absence of statute, persons engaged in purely private business can enter into such contracts and their agreements will be sustained by the Courts. Between these two extremes are businesses which do not fall into the conventional definition of public utilities and yet may be looked upon as of quasi-public nature. It is not entirely certain whether exculpatory contracts made in the course of such businesses will be considered as violative of public policy." (at 295)

In the opinion of this Court, the agreement here between a race track owner and a participant in a race at the track is not one involving a public utility or quasi-public situation, and the agreement of release should, therefore, be upheld.

■ Releases by participants in automobile races have been upheld and found not to violate any public policy in a number of jurisdictions. *Doster v. C. V. Nalley, Inc.*, 95 Ga.App. 862, 99 S.E.2d 432 (1957); *Seymour v. New Bremen Speedway, Inc.*, 31 Ohio App.2d 141, 287 N.E.2d 111 (1971); *Winterstein v. Wilcom*, 16 Md.App. 130, 293 A.2d 821 (1972); *Theroux v. Kedenberg Racing Assn.*, 50 Misc.2d 97, 269 N.Y.S.2d 789; *Lee v. Allied Sports Associates, Inc.*, 349 Mass. 544, 209 N.E.2d 329 (1965); *Corpus Christi Speedway v. Morton*, 279 S.W.2d 903 (Tex.Civ.App.1955). It should be noted that participation in automobile races and other sporting events is a voluntary undertaking. If a prospective participant wishes to place himself in the competition sufficiently to voluntarily agree that he will not hold the organizer or sponsor of the event liable for his injuries, the courts should enforce such agreements. If these agreements, voluntarily entered into, were not upheld, the effect would be to increase the liability of those organizing or sponsoring such events to such an extent that no one would be willing to undertake to sponsor a sporting event. Clearly, this would not be in the public interest. Accordingly, it is the

Order, judgment and decree of this Court that Defendant's motion for summary judgment be, and the same is hereby, granted, and the above-styled cause is hereby dismissed. It is further

Ordered that the costs incurred in this proceeding be, and the same are hereby, taxed against the Plaintiff, for which execution may issue.

## APPENDIX A

The allegations of violation of duty by the Defendant are as follows:

"13. The Plaintiff further alleges that the resultant severe injuries sustained by Charles Albert Gore and his death eleven days thereafter as a proximate consequence of said injuries were proximately caused by the negligence of the Defendant in the following particulars:

"(a) That the Defendant accepted the duty to require all entrant vehicles into the street class event to pass a safety inspection; that the said Defendant negligently performed the inspection of the vehicle of Charles Albert Gore by and through his agents, servants or employees, and that the negligent inspection of the said motor vehicle of Charles Albert Gore or the negligent failure to inspect said motor vehicle of Charles Albert Gore was the proximate consequence of his injuries and death.

"(b) That the Defendant negligently failed to maintain the track so as to prevent an entrant vehicle from colliding with the retaining wall and running down a high bank and resulting in a severe collision with a wall.

"(c) That the Defendant negligently failed to maintain the retaining wall around the track so as to prevent the motor vehicle of Charles Albert Gore from crashing through the said retaining wall and being involved in a much more severe wreck than if the motor vehicle had been deflected by the re-

taining wall and retained on the track premises.

"(d) That the Defendant negligently failed to give Charles Albert Gore a proper warning of the dangerous and defective condition of his motor vehicle at the time of the safety inspection required by the track rules and regulations pertaining to street class entry vehicles.

"(e) That the Defendant was negligent in failing to use ordinary care to erect and maintain sufficient and proper guard rails, fences and barriers around the track to protect the entrant drivers, when Defendant well knew or should have reasonably anticipated that one of the entrant racing vehicles might crash through the retaining wall as such was existing at the time of the wreck in this matter and thereby subject the driver of said motor vehicle to much more severe injuries than would be anticipated if the vehicle were deflected back onto the track by proper guard rails, fences and barriers around said race track.

"14. That the Defendant by accepting the entrant fee from the said Charles Albert Gore and by the establishment of the safety inspection regulations either expressly or impliedly contracted with the said Charles Albert Gore to make a reasonable safety inspection of his motor vehicle and if such vehicle did not pass the safety inspection that said vehicle would not be allowed into the race; and, that the Defendant did breach said agreement with Charles Albert Gore by not making a reasonable inspection of his motor vehicle and allowing the entry of said motor vehicle into the racing event wherein Charles Albert Gore was subsequently seriously injured and thereafter died as a proximate consequence of said injuries."