**SOUTHERN RAILWAY COMPANY,**
**Plaintiff,**

v.

**GENERAL TELEVISION ARTS,**
**INC., Defendant.**

**Civ. A. No. 82–G–0441–S.**

United States District Court,
N.D. Alabama, S.D.

Dec. 23, 1982.

Crawford S. McGivaren, Jr., Larry B. Childs, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, Ala., for plaintiff.

Eugene D. Martenson, Huie, Fernambucq & Stewart, Birmingham, Ala., for defendant.

MEMORANDUM OPINION

GUIN, District Judge.

Defendant has, in its alternative motions, asked the court to reconsider its order granting partial summary judgment, entered November 10, 1982. The basis for these motions is the recently decided case of *Brown Mechanical Contractors, Inc. v. Centennial Insurance Company,* 16 ABR 2924 (Ala. January 7th, 1982).

In *Brown,* the Alabama Supreme Court affirmed its previous decisions on indemnification by stating:

In [*Industrial Tile, Inc. v.*] *Stewart* we held that indemnification for one's own negligence is available only where "the parties knowingly, even-handedly, and for valid consideration intelligently enter into an agreement whereby one party agrees to indemnify the other, including indemnity against the indemnitee's own wrongs, *if expressed in clear and unequivocal language.*" (Emphasis added.) 388 So.2d [171] at 176 [ (Ala.1980) ].

16 ABR at 2945.

■ The Alabama Supreme Court has stated in previous decisions that the indemnity agreement need not contain "talismanic words," *i.e.,* the phrase "including the negligence of the indemnitee." *See e.g., Eastwood Lands, Inc. v. U.S. Steel Corp.,* 417 So.2d 164 (Ala.1982); *Georgia, Florida, Alabama Transportation Company v. Deaton, Inc.,* 293 Ala. 371, 304 So.2d 168 (1974); *Eley v. Brunner-Lay Southern Corporation, Inc.,* 289 Ala. 120, 266 So.2d 276 (1972); *Republic Steel Corp. v. Payne,* 272 Ala. 483, 132 So.2d 581 (1961). It therefore is settled that the "clear and unequivocal language" requirement does not require the word "negligence" to be explicitly contained in the indemnity agreement, as the Alabama Supreme Court in *Brown* did not overrule in any way its previous decisions. As long as the indemnity agreement unambiguously and clearly states that the indemnitor is to indemnify the indemnitee for any and all claims for personal injury and property damage, then it does cover even the negligent acts of the indemnitee.

■ In the present case, the indemnity agreement is quite clear and unambiguous. The court notes the agreement was not drafted by a lawyer. It is somewhat repetitious in its effort to clearly show that GTA was to indemnify Southern for any and all claims arising out of the use of the train engine. The court also notes that Southern would in almost all cases only be liable to its own employees on a negligence theory. The agreement clearly and unambiguously expresses an intent to cover even possible negligent acts of Southern which might cause bodily injury or property damage.

For the above reasons, the court is of the opinion that its decision entered November 10, 1982, is correct. Therefore, the defendant's motions for rehearing, or in the alternative, to reconsider are due to be denied. A separate order in conformity herewith is being entered.