CAPE GIRARDEAU AND SCOTT COUNTY MACADAMIZED ROAD COMPANY v. DENNIS *et al.*, *Appellants.*

1. **Condemnation of Right of Way:** PRIOR CONTRACT FOR LOCATION OF A ROAD. The fact that a corporation authorized to construct a macadamized road and to condemn land for that purpose, has contracted with the owner of a tract of land for the construction of its road across his land on an agreed line, and has partly constructed it on that line, is no bar to a proceeding by the corporation to condemn a right of way across the same land on a different line. The corporation may change the location of its road, if it sees fit, subject to the right of the other party to recover such damages as he may sustain by reason of the breach of contract.

2. ———: EVIDENCE: DAMAGES: PRACTICE. It is the duty of the cir-

cuit court, on exceptions filed, to hear testimony if offered as to the adequacy of the compensation awarded land owners for land taken for the construction of roads; the Supreme Court will review the action of the circuit court only when the compensation is flagrantly excessive or inadequate.

3. ———: SECTION 1, P. 351, GEN. STAT., 1865, applies to corporations created by special laws, and authorizes them to condemn land for road purposes. It does not apply exclusively to corporations created under the general law.

*Appeal from Cape Girardeau Court of Common Pleas.—* HON. H. G. WILSON, Judge.

*Lewis Brown* for appellant.

*Houck & Ranney* for respondents.

HOUGH, J.—This was a proceeding instituted in the circuit court of Cape Girardeau county, at its May term, 1874, by the Cape Girardeau & Scott County Macadamized Road Company, to condemn a right of way through the defendants' land. To the petition of the plaintiff, which contained all the necessary averments, the defendants, at the November term, 1874, filed an answer, alleging therein, in bar of plaintiff's right to condemn the proposed right of way, that the plaintiff and the defendants had entered into an agreement for the construction of plaintiff's road on another line, in consideration of a grant by the defendants of a right of way over such line; and that said road had been partially constructed on said line. These averments were denied by the plaintiff. The court thereupon heard the testimony adduced by the parties respectively on the issues thus made, found for the plaintiff thereon, and appointed three commissioners, as provided by law, to assess the damages which would be sustained by the defendants by reason of the appropriation of their land for the construction of the plaintiff's road. The commissioners made report and exceptions thereto were filed by the defendants, which were overruled by the court. These exceptions are not

incorporated in the bill of exceptions.   The court approved the report and the defendants moved for a new trial on the following grounds :   1.   Because the judgment of the court in overruling the exceptions of the defendants was against the evidence.   2.   Because the plaintiff was incorporated by a special act, which did not authorize. the present proceeding, and the general statute authorizing the condemnation of land applied only to corporations created under the general corporation law, and not by special act. 3.   Because the plaintiff was bound by its contract to construct its road elsewhere.   Other objections were made during the course of the proceedings, but as they are not embraced in the motion for a new trial, they need not be mentioned.

The court overruled the motion for a new trial, and the defendants have appealed.   In regard to the last

1. CONDEMNATION OF RIGHT OF WAY: prior contract for location: roads.

ground, it may be said that the court found from the testimony, which was conflicting, that there was no such agreement.   But even if such agreement had been established, we do not think it would conclude the plaintiff in the present proceeding.   The construction of the road upon the line alleged to have been agreed upon had not been completed, and, in such cases, the right to change the location seems ordinarily to be unquestioned, subject, of course, to the right of the other contracting party to maintain an action for such damages as he may have sustained by reason of the breach of the agreement. And it may be that even after the completion of a road, supervening necessities may justify the exercise of the right of eminent domain under the authority conferred by the general statutes.

Any reference to the question of damages might be omitted, inasmuch as the exceptions to the commissioners'

2. ———: evidence: damages: practice.

report are not incorporated in the bill of exceptions ; nevertheless we deem it proper to remark, that it is the duty of the circuit court, on exceptions filed, to hear testimony, if offered, as

to the adequacy of the compensation awarded. *St. Louis & Florissant R. R. Co. v. Almeroth*, 62 Mo. 343 ; *Han. Bridge Co. v. Shaubacker*, 49 Mo. 555. This court, however, will not ordinarily review the action of the circuit court in such cases, when the testimony is conflicting. It is only when the damages are flagrantly excessive or inadequate that we will interfere. The present is not such a case, and if the question had been properly saved, we would not disturb the action of the court below.

As to the right of the plaintiff to acquire a right of way under the general statutes, we think there can be no doubt. The act of incorporation of February 24, 1853, conferred upon the plaintiff the exclusive privilege of constructing a macadamized road from the city of Cape Girardeau, across the Big Swamp, in the counties of Cape Girardeau and Scott. It had, therefore, an unquestionable right to acquire and hold the necessary land for that purpose. Sec. 1, Chap. 66, of the general statutes, provides that when lands sought to be appropriated by any road, railroad or telegraph corporation, created under the laws of the State, belong to private persons, and such corporation and the owners cannot agree upon the proper compensation to be paid, such corporations may institute proceedings in the circuit court to condemn such land for the use of the company. The language of this section is general. It includes all road, railroad or telegraph corporations created under the laws of this State. This phraseology comprehends special, as well as general laws, and confers upon the plaintiff the same rights in this particular, which are conferred upon similar corporations organized under the general law. The judgment of the circuit court will be affirmed.

The other judges concur, except Judge SHERWOOD, not sitting.

AFFIRMED.