(101 South. 46)

## BROWN v. JEFFERSON COUNTY et al.
### (6 Div. 945.)

(Supreme Court of Alabama. June 26, 1924.)

1. **Eminent domain** ⊜47(1), 126(1)—**Contract to erect particular type of bridge does not prevent condemnation, but to be considered in fixing damages.**

Where complainant granted to county a right of way across his land, and county agreed to erect a bridge in such a way as to enable

complainant to erect a dam, *held* that county can condemn bridge site and erect different kind of bridge, but, in estimating just compensation, any increased value of site by reason of contract will be taken into consideration.

**2. Constitutional law** &#x25C8;&#x2501;118—**Appropriation to public use not infringement of obligation of contracts.**

All property is held subject to inherent right of government to appropriate it to a public use, and such an appropriation does not infringe constitutional provision protecting obligation of contracts.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by W. K. Brown against Jefferson County, the Board of Revenue of Jefferson County, and the members thereof, for specific performances of an instrument of conveyance, and for an injunction. From a decree sustaining a demurrer to the bill, complainant appeals. Affirmed.

Rudulph & Smith, of Birmingham, for appellant.

The provisions of the contract clause of the federal Constitution apply to contracts between individuals and the state and municipal subdivisions. Elliott on Cont. §§ 2723, 2724, 2764. The county could not accept the benefits of the contract and avoid its burdens. 18 C. J. 69, 115. While a reasonable discretion is allowed in determining the necessity for condemnation, whether any necessity exists is a judicial question. 20 C. J. 629; M. & G. R. Co. v. Ala. Mid. R. Co., 87 Ala. 501, 6 South. 404.

W. K. Terry, of Birmingham, for appellees.

The necessity for taking lands for public roads is legislative. Acts 1915, p. 573; Elliott on Roads & Streets (3d Ed.) 212. The right to take property for public purposes extends to all property, including reservations contained in grants and contract rights. A. & F. R. Co. v. Kenney, 39 Ala. 307. The fact that the county has an easement in land does not prevent it from acquiring the fee. 20 C. J. 911; Osceola v. Chicago R. Co., 196 Fed. 777, 116 C. C. A. 72.

SAYRE, J. [1] In the trial court a decree was rendered sustaining the general demurrer to appellant's bill and dismissing the same for want of equity.

The bill shows that, in consideration of the benefits to accrue to complainant and the public, complainant granted to the county a right of way across his land for the construction of a public road. The route of the proposed road lays across Brown's creek, and it is stipulated in and by the instrument of grant that the bridge shall be constructed at a designated point, and shall be built sufficiently high to permit the building of a dam under it, "which said dam may be as high as 20 feet above the bed or bottom of said creek." The "said Brown also reserves from the operation and effect of this instrument the right to build and maintain a dam and such other public buildings and improvements as may be needed by him at any time in developing water power in, on, or under the said right of way where it crosses Brown's creek." It is averred that the principal consideration and inducement to complainant for the grant was that the bridge should cross the creek at the designated point, and should be built in such manner as to permit the construction of a dam that might be as high as 20 feet above the bed of the creek, but that, after the road had been constructed and the building of the bridge had been commenced, the board of revenue was proceeding to condemn the said right of way, including the bridge site, just as if there were no contract rights in the premises. The purpose of the bill is twofold: To have a decree for the specific performance of the terms of the grant, and to enjoin the proceeding for the condemnation of a right of way. We assume that the relief prayed by way of injunction is intended as ancillary to the specific performance sought.

[2] All property is held subject to the inherent right of government to appropriate it to the public use, and such appropriation does not infringe upon that clause of the Constitution which protects the obligation of contracts. A. & F. R. R. v. Kenney, 39 Ala. 307. The board of revenue, in virtue of its control of the construction and maintenance of the public roads of the county—fraud apart—is the best judge of the necessity and propriety of the condemnation proposed, of the public necessity and propriety of securing such rights as it seeks to secure by condemnation in lieu of the rights already acquired of contract. In view of the action of the board of revenue, we think it must be assumed that the public interest will be served and conserved by a bridge—that being the real matter of contention between the parties—such as the board proposes to build better than by a bridge to be affected by the stipulations of the grant. But the right acquired by complainant—assuming the binding obligation of the stipulations of the grant—must have protection. If that contract has contributed to the value of the site which the county proposes to condemn, such increment of value will be taken into consideration in estimating the just compensation to be paid for the site. If other elements of legal damage, not recoverable as part of "the property taken, injured, or destroyed by the construction or enlargement" of the highway, have been caused by

the county's refusal to execute its contract in full, complainant may have his remedy as to that by customary action at law. Consideration of Cape Girardeau, etc., Road Co. v. Dennis, 67 Mo. 438, Chicago, etc., R. R. v. Illinois Central, 113 Ill. 156, and Osceola v. Chicago, etc., R. R., 196 Fed. 777, 116 C. C. A. 72, has contributed to the conclusion reached.

Such being the status of complainant's case, the court committed no error when it sustained defendants' general demurrer and dismissed complainant's bill. There was no need to retain the bill in order that complainant might have an opportunity to amend, because, out of the material presented by it, no possible consistent bill could be constructed.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.