15 So.2d 727

**TERRELL v. ALABAMA WATER SERVICE CO. (two cases).**

6 Div. 87, 88.

Supreme Court of Alabama.

Oct. 21, 1943.

Rehearing Denied Dec. 16, 1943.

Walter S. Smith, of Birmingham, for appellants.

London & Yancey, Geo. W. Yancey, and Fred G. Koenig, Sr., all of Birmingham, for appellee.

FOSTER, Justice.

Many of the questions presented on this appeal relate to the contention that a defendant is liable for damages proximately resulting from an alleged nuisance in a public road or highway, which he did not actively create but had not remedied when he owed plaintiff a duty to do so, without regard to the inquiry of whether he was negligent in its creation or maintenance, and without regard to the question of whether plaintiff was also negligent proximately contributing to his own injury.

The contention is better understood by observing that defendant has and maintains a water pipe line along the outside edge of the public road in question. It is not alleged nor contended that this is without legal authority. At the point in question the pipe had sprung a leak, resulting in water flowing across the paved roadway, as did rain and seep water. This water froze and made the road slick and dangerous for passage by automobile, at the time in question. It is claimed that as a consequence plaintiff was injured.

The case was tried on counts 1, 2, 6 and 7. Counts 1 and 2 allege that defendant negligently permitted such condition. Counts 6 and 7 allege that defendant permitted or allowed that condition to exist and thereby created and maintained a nuisance with knowledge or notice of such dangerous condition, without alleging that he negligently or intentionally did so.

The question here is not on the sufficiency of those counts of the complaint. The court overruled demurrer to them, and there was a verdict for defendant. The court in various rulings held that negligence of defendant is a necessary element in all the counts. Also that plaintiff's contributory negligence, if it occurred, would be a good defense, as in other cases when negligence is the foundation of an action.

This controversy relates more particularly to counts 6 and 7, since counts 1 and 2 are based on an allegation of negligence (City of Montgomery v. Stephens, 14 Ala. App. 274, 69 So. 970), whereas counts 6 and 7 do not use that term. The court drew no distinction between them in this respect, ruling that negligence of defendant is an element of the claim. So that the question more specifically is whether the cause of action described in counts 6 and 7 is dependent upon negligence by defendant.

If negligence is a necessary element of the cause of action, it was not erroneous thus to charge the jury, though it was not alleged. If he was not negligent in fact and the cause of action so set up is dependent upon negligence as a necessary element, plaintiff cannot complain that the court so ruled.

He insists that negligence was not an element of the cause of action set up in counts 6 or 7; nor in counts 1 and 2, though so alleged in them.

In this connection, we find the following principles well settled:

■ Negligence and nuisance are distinct torts. They may be different in their nature and consequences. But in either event there must be a breach of duty owing by defendant to plaintiff. Upp v. Darner, 150 Iowa 403, 130 N.W. 409, 32 L.R.A.,N. S., 743, Ann.Cas.1912D, 574.

■ The liability for negligence is based on a want of proper care. And as a general rule liability for nuisance does not depend upon the question of negligence, and may exist although there is no negligence. Yolande Coal & Coke Co. v. Pierce, 12 Ala.App. 431, 68 So. 563, certiorari denied 193 Ala. 687, 69 So. 1021; Beam v. Birmingham Slag Co., 243 Ala. 313, 10 So.2d 162. However a nuisance may be and frequently is the consequence of negligence, or the same acts or omissions which constitute negligence may give rise to a nuisance. 39 Am.Jur. 304-306, sec. 24. One of the most illuminating authorities on the subject is the case of McFarlane v. Niagara Falls, 247 N.Y. 340, 160 N.E. 391, 57 A.L. R. 1. We quote as follows from the opinion: "If danger there was, then also there was nuisance, though nuisance growing out of negligence. Nuisance as a concept of the law has more meanings than one. The primary meaning does not involve the element of negligence as one of its essential factors. Heeg v. Licht, 80 N.Y. 579, 36 Am.Rep. 654, 11 Mor.Min.Rep. 74. One acts sometimes at one's peril. In such circumstances, the duty to desist is absolute whenever conduct, if persisted in, brings

damage to another. 21 Laws of England (Halsbury) p. 507, § 845. Illustrations are abundant. One who emits noxious fumes or gases day by day in the running of his factory may be liable to his neighbor though he has taken all available precautions. McCarty v. Natural Carbonic Gas Co. 189 N. Y. 40, 81 N.E. 549, 13 L.R.A.,N.S., 465, 12 Ann.Cas. 840. He is not to do such things at all, whether he is negligent or careful. One who digs a hole in the highway will not be heard to say, if he dug it without license, that the guards placed about it were destroyed without his fault. Congreve v. Smith, 18 N.Y. 79; Wolf v. Kilpatrick, 101 N.Y. 146, 4 N.E. 188, 54 Am.Rep. 672. He was a wrongdoer in digging, and diligence in guarding does not eradicate his fault. Other situations there are, however, where what was lawful in its origin may be turned into a nuisance by negligence in maintenance. The coalhole, built under a license, may involve a liability for nuisance, if there is negligence in covering it. Village of Canandaigua v. Foster, 156 N.Y. 354, 50 N.E. 971, 41 L.R.A. 554, 66 Am.St.Rep. 575. The tumble-down house abutting on a highway is transformed into an unlawful structure if its ruinous condition is a menace to the traveler. Timlin v. Standard Oil Co., 126 N.Y. 514, 27 N.E. 786, 22 Am. St.Rep. 845. In these and like situations, the danger, being a continuing one is often characterized as a 'nuisance,' though dependent upon negligence. Indeed, one of the most familiar instances of nuisance is a highway out of repair. Pollock, Torts, 10th Ed. p. 1016. Narrow, too, is the line between nuisance and negligence. One can create a nuisance by leaving a wagon in the street. Cohen v. New York, 113 N. Y. 532, 21 N.E. 700, 4 L.R.A. 406, 10 Am. St.Rep. 506."

■■ If defendant's acts are inherently wrongful or in violation of law and create a nuisance, regardless of the diligence observed, there is no element of negligence necessary. Congreve v. Smith, 18 N.Y. 79. But if defendant's affirmative conduct did not constitute a nuisance, and it was not prohibited by law, but the nuisance arose because of some omission to act, then it is based on a negligent or intentional omission of that duty, and does not exist if defendant exercised due care under all the circumstances (authorities supra).

■■ So that if defendant in this action created the nuisance or maintained it, it was because he "permitted or allowed" it to exist. But if defendant did not by an affirmative act create it, and does not by affirmative act continue it, to be charged with it, his permission and allowance must have been without the exercise of due care. If under those circumstances defendant did all that due care required, he was not an insurer of the safety of the place which he did not affirmatively make unsafe. So that the inherent nature of the cause of action in counts 6 and 7 is that it was a nuisance caused by the negligent failure of defendant to remedy an unsafe condition of which he had notice or in the exercise of due care should have had notice, but which he did not by affirmative act render unsafe, or by such act continue it so. His only breach of duty could have been in the failure to act; to show negligence is therefore the least burden which the law places on plaintiff. Of course, if defendant, with notice, intentionally, left the dangerous condition without taking any care to remedy it, that would be a breach of duty.

It is true that under counts 6 and 7 plaintiffs could have sustained a claim upon proof that defendant with notice of the dangerous condition intentionally took no steps to remedy the danger, but such failure is only an omission to act, when due diligence would require such action.

■ This reasoning is consistent with our case of Crommelin v. Coxe, 30 Ala. 318, 68 Am.Dec. 120. In that case the court noted that in continuing a nuisance by omitting to reform it, it is a mere nonfeasance when the continuance implies no action. If he had exercised due diligence and skill in removing the dangerous condition, which he did not intentionally originate, and the danger still persisted, we do not think it could be said he was responsible in the same way as one creating it by affirmative act. The duty of the defendant in regard to that situation is not absolute, but only to exercise such degree of care and diligence as the danger demands. It is not like emitting noxious fumes and gases day by day in running a factory, which he could not prevent by care and diligence in its operation. McFarlane v. Niagara Falls, supra. He could of course cease to operate the factory if he could not prevent its operation from being a nuisance. Nor like placing a barrel in a street knowing that its contents were explosive. Ragland v. Duke, 223 Ala. 574, 137 So. 397. That was affirmative conduct.

As to contributory negligence, the authorities are uniform that, generally speaking, "one is not precluded from recovering damages which are the proximate result of an absolute nuisance (that is a nuisance, the substance of the wrong in respect of which is not negligence) by the fact that by the exercise of ordinary care on his part he could have avoided the injury." 57 A.L.R. 8. But the rule is different when the claim is inherently based on negligence. And in all such cases ordinary care is measured by the danger and its surroundings. City of Birmingham v. Smith, 241 Ala. 32, 200 So. 880(5); McFarlane v. Niagara Falls, supra; Crommelin v. Coxe, supra; Hoffman v. Bristol, 113 Conn. 386, 155 A. 499, 75 A.L.R. 1191.

Even though plaintiffs may have the right to an unobstructed reasonably safe road on which to travel, and even though some one intentionally and actively so obstructs it as to create an unsafe condition making it a nuisance, there is a degree of care required of him who himself has notice of that condition. 15 Ala.Digest, Municipal Corporations, § 806, p. 209. And he is sometimes required to look out for what is immediately ahead of him and is obvious to one as he ordinarily travels in a dangerous instrumentality. City of Birmingham v. Smith, supra. A failure to use due care after such notice is contributory negligence, which would prevent a recovery against one creating it. For as was said in the Crommelin case, supra, "A party is not to cast himself upon an obstruction, which has been made by the fault of another, and avail himself of it, if he does not himself use common and ordinary caution to be in the right."

While no aspect of the evidence supports a contention that defendant with notice of the danger intentionally permitted it to continue without attemping to do anything to remedy it, yet if he did the plaintiff cannot recover if with notice of the danger he did not exercise "common and ordinary caution" to avoid it.

So here the question of contributory negligence is available to defendant if plaintiff violated the duty to observe such care as the law placed upon him at the time.

There were two cases jointly tried on the same evidence with two verdicts and judgments for defendant, with two appeals and one transcript. R. S. Terrell and James Bibb Terrell were the separate plaintiffs. The car was driven by James Bibb who was the son of R. S. Terrell. The latter was riding by the side of James Bibb. The court charged the jury as to the duty of each separately in connection with the claim of contributory negligence. 25 Am. Jur. 763, 764, sec. 475; Brown v. Jefferson County, 211 Ala. 517, 101 So. 46, 49; Whiddon v. Malone, 220 Ala. 220, 124 So. 516; Title 36, sec. 5, Code of 1940; City of Birmingham v. Smith, supra.

In each instance the court correctly stated the rules of law which apply to them separately, and left the finding to the jury as to whether either or both were so negligent as to contribute proximately to his own injury, and also the question of a joint enterprise. The main insistence of appellants is that in this sort of suit, if defendant is responsible for the dangerous condition and that it was a nuisance, the contributory negligence of plaintiffs, respectively, is not a proper issue in the case. This insistence is presented in many ways and with rulings all consistently against appellants' contention. It is not necessary to treat each separately. There is no difference among the authorities as to the controlling principle on that contention. We have discussed that principle and our view is that on the evidence in this case, there is no cause of action against defendant to go to the jury apart from the element of defendant's negligence: that plaintiffs' negligence, each respectively, if it is shown to exist and to be a proximate contributing cause of his injury, is legally available to defendant, and that the evidence is sufficient to justify its submission to the jury as to each separately on different theories of negligence.

### Assignments of error 1 and 2.

These assignments go to the ruling of the court in sustaining the demurrer to counts 4 and 5. It is sufficient to describe them by saying that they are the same as counts 1 and 2, with the substitution of the words "wrongful conduct" for "negligence" and "wrongfully" for "negligently".

It was long ago held in this State that this is but the allegation of a legal conclusion and insufficient, where the facts are not alleged which show that the conduct was wrongful. City Council of Montgomery v. Gilmer & Taylor, 33 Ala. 116, 70 Am.Dec. 562. Moreover the plaintiffs had the benefit in the counts which were submitted to

the jury of any wrongful conduct which they have here suggested.

Assignments of error 4 and 5, also No. 82.

It is not deemed necessary to discuss the matter here involved except to say that there is no evidence of any substantial sort of wrongful conduct on the part of appellee's counsel and the juror Bodeker. Details need not be stated.

We have considered all the assignments of error and do not find in any of them that there was a ruling which is reversible under the principles we have here declared, or any other principle, but they need not be discussed.

Affirmed.

GARDNER, C. J., and BOULDIN and STAKELY, JJ., concur.

On Rehearing.

PER CURIAM.
Application overruled.
All the Justices concur.