(84 South. 874)

## MALLORY S. S. CO. v. DRUHAN.
### (1 Div. 345.)

(Court of Appeals of Alabama. Feb. 10, 1920.)

1. PRINCIPAL AND AGENT ⊚⟷120(6) — CONTRACTS MADE BY AGENT FOR SHIPPING COMPANY WITH STEVEDORES ADMISSIBLE ON ISSUE OF AGENT'S AUTHORITY.

In stevedore's action against steamship company for damages for injury to employé of stevedore, paid to employé by stevedore, involving issue of whether alleged agent, who had made contract with stevedore, represented defendant company, evidence as to whether agent had for a considerable time been in the habit of contracting for stevedores for defendant company *held* admissible.

2. PRINCIPAL AND AGENT ⊚⟷121 — WORK DONE FOR DEFENDANT BY OTHER STEVEDORES HELD ADMISSIBLE ON ISSUE OF AUTHORITY OF EMPLOYING AGENT.

In stevedore's action against shipping company for damages to stevedore's employé, paid by stevedore, involving issue of whether defendant company's alleged agent had authority to make contract with stevedore, where agent had testified to habitually contracting for stevedores for defendant company, testimony by agent as to whether such stevedores in fact loaded vessels for defendant under such contracts *held* admissible.

3. APPEAL AND ERROR ⊚⟷992 — WHETHER WITNESS IS OUT OF STATE, SO AS TO WARRANT ADMISSION OF HIS FORMER TESTIMONY, HELD FOR COURT.

Where testimony given on a former trial is offered in evidence, the question of whether the witness who gave such testimony is out of the state is for the court, and, where there is evidence authorizing such a conclusion, court's ruling admitting the testimony will not be reversed.

4. EVIDENCE ⊚⟷171—PAROL TESTIMONY AS TO AUTHORITY OF AGENT ACTING UNDER WRITTEN POWER OF ATTORNEY HELD ADMISSIBLE.

In action by stevedore, for benefit of insurance company, against steamship company, to recover an indemnity paid because of injury to stevedore's employé, parol testimony by insurance company's agent that the agents were agents of the insurance company at the time they countersigned and delivered the policy was admissible, though their power of attorney was in writing; such evidence being as to a collateral matter and the rule as to secondary evidence being therefore inapplicable.

5. PRINCIPAL AND AGENT ⊚⟷21 — AGENT COMPETENT TO TESTIFY TO FACT OF AGENCY.

While agency may not be proved by the mere declaration of the agent, the agent is competent to testify to the fact of the agency.

6. SHIPPING ⊚⟷86(2)—BURDEN OF PROOF IN STEVEDORE'S ACTION FOR INJURIES TO HIS EMPLOYÉ STATED.

In stevedore's action, for benefit of insurance company, against shipping company, for damages to stevedore's employé, paid by stevedore on ground that injury was sustained because of defective apparatus furnished by shipping company, the stevedore has the burden of proving that he was liable to his employé for the injuries sustained, that he or the insurance company settled with the employé to avoid a judgment, and that the amount paid was not greater than a fair compensation.

---

⊚⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

7. SHIPPING ⬥➾84(6) — STEVEDORE, PAYING DAMAGES TO EMPLOYE WITHOUT JUDGMENT, MAY RECOVER OVER FROM SHIPPING COMPANY.

In stevedore's action against shipping company for injuries to stevedore's employé, for which stevedore had paid damages, on ground that injury was caused by defective apparatus furnished stevedore by shipping company, the fact that stevedore paid the damages without requiring the claim to be reduced to a judgment does not prevent him from recovering over from the shipping company.

8. SHIPPING ⬥➾84(6)—LAW GOVERNING ACTION BY STEVEDORE AGAINST SHIPPING COMPANY FOR INDEMNITY STATED.

In stevedore's action against shipping company for injuries to employé, to whom he had paid damages, caused by defective apparatus furnished stevedore by shipping company, the rights and liabilities of the parties were within admiralty jurisdiction, but the stevedore's liability to his employé is determined by the common law.

9. MASTER AND SERVANT ⬥➾103(1)—DUTY TO FURNISH APPLIANCES NONDELEGABLE.

Under the common law a master is bound to exercise reasonable care and skill to furnish reasonably safe appliances; his duty in that respect being nondelegable.

10. SHIPPING ⬥➾86(2)—EVIDENCE HELD TO SHOW THAT STEVEDORE FAILED TO FURNISH EMPLOYÉ WITH REASONABLY SAFE APPLIANCES.

In stevedore's action against shipping company for damages, paid by stevedore to his employé for injuries caused by defective apparatus furnished stevedore by shipping company, evidence *held* to authorize finding that stevedore had failed to furnish his employé with reasonably safe appliances.

11. CUSTOMS AND USAGES ⬥➾15(1)—CUSTOM HELD ADMISSIBLE TO PROVE THAT LOADING APPARATUS WAS FURNISHED STEVEDORE AS A PART OF HIS CONTRACT WITH SHIPPING COMPANY.

In stevedore's action against shipping company for damages paid by stevedore to his employé, injured because of defective apparatus furnished stevedore by shipping company, where stevedore's contract with shipping company required the company to furnish the loading apparatus, evidence as to a custom whereby stevedores, who undertook to load a ship, were furnished with loading apparatus by the shipper, was admissible to construe the loading contract and to show that the apparatus was furnished by defendant company to a stevedore as a part of and in furtherance of the contract between them, and not as a mere gratuity.

12. CUSTOMS AND USAGES ⬥➾11, 15(1)—CUSTOM MAY BE SHOWN TO CONSTRUE A CONTRACT, BUT NOT TO PROVE ITS EXISTENCE.

The customs, usages, and courses of dealing in a business may be looked to, to explain, or to construe or interpret, a contract, but never to prove that a contract has been entered into.

13. SHIPPING ⬥➾84(1)—STEVEDORE AN INDEPENDENT CONTRACTOR, AND NOT AN EMPLOYÉ OF SHIPPER.

Where stevedore, and not shipping company, had the power to dictate the particular method in which the loading apparatus furnished by the company to the stevedore was to be used, the stevedore was an independent contractor, and not an employé of the company.

14. BAILMENT ⬥➾9—BAILOR'S OBLIGATION AS TO CONDITION OF PROPERTY STATED.

Where there is a bailment for the mutual benefit of the parties, as for hire, there is imposed on the bailor, in the absence of a special contract or representation, an obligation that the thing or property bailed for use shall be reasonably fit for the purpose, or capable of the use, known to be intended.

15. SHIPPING ⬥➾84(3)—STEAMSHIP COMPANY IMPLIEDLY WARRANTS THAT LOADING APPARATUS FURNISHED STEVEDORE IS SUITABLE.

Steamship company, in furnishing stevedore derrick and blocks pursuant to its contract with stevedore, impliedly warrants that such loading apparatus shall be suitable for the purpose for which they are furnished.

16. INDEMNITY ⬥➾13(2) — NEGLIGENT EMPLOYER MAY ENFORCE INDEMNITY AGAINST THIRD PERSON CAUSING INJURY TO EMPLOYÉ.

An employer, against whom recovery has been had for injury to his employé, may, notwithstanding his negligence in not inspecting, enforce indemnity against one who is under obligation to him to furnish suitable appliances, the breach of which obligation caused the injury.

17. INDEMNITY ⬥➾13(2)—EXCEPTION TO RULE THAT INDEMNITY WILL NOT BE ALLOWED AMONG JOINT WRONGDOERS STATED.

The exceptions to the rule that indemnity will not be allowed among joint wrongdoers are that a joint wrongdoer may claim indemnity where he has not been guilty of any fault, except technically or constructively, or where both parties are at fault, but the fault of the party from whom indemnity is claimed was the efficient cause of the injury.

18. INDEMNITY ⬥➾13(2)—THIRD PERSON FURNISHING DEFECTIVE APPLIANCE MUST INDEMNIFY EMPLOYER FOR INJURIES TO EMPLOYÉ.

While an employer owes the duty to his employés of refraining from using defective appliances furnished by a third person under the circumstances of this case, the primary duty of furnishing safe appliances rests upon the third person, and he must indemnify the employer.

19. SHIPPING ⬥➾84(6)—IN STEVEDORE'S ACTION AGAINST STEAMSHIP COMPANY, ARRANGEMENT WITH OWNER OF SHIP HELD IMMATERIAL.

In stevedore's action against steamship company for damages paid to stevedore's employé for injuries sustained because of defective loading apparatus furnished stevedore by steamship company, if the stevedore was loading

---

the ship under contract made by agent representing the defendant company, it was immaterial what arrangement such steamship company had made with the owner of the steamship.

20. SHIPPING ⚙️➔84(6)—SHIPPING COMPANY'S AGREEMENT TO FURNISH STEVEDORE WITH GOOD LOADING APPARATUS NEED NOT BE EXPRESSED.

In stevedore's action against shipping company for damages paid stevedore's employé for injuries caused by defective loading apparatus claimed to have been furnished by defendant company, it was unnecessary that the company's duty to furnish good and sufficient apparatus be expressed in its contract with stevedore; it being sufficient if the parties in making the contract so understood.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action by Nicholas Druhan, for the benefit of the Georgia Casualty Company, against the Mallory Steamship Company, to recover an indemnity paid because of injury to one of the servants of the plaintiff. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts and the exceptions to the evidence sufficiently appear from the opinion of the court.

The following charges were given for the plaintiff:

Assignment 58: "The court charges the jury that if Mr. Du Bois, acting under authority from the Mallory Steamship Company, contracted with Nicholas Druhan to load the Shawmut, then it is utterly immaterial to its liability what arrangement may have existed between the Mallory Steamship Company and the Southern Steamship Company."

Assignment 59: "The court charges the jury that, while it is necessary for the plaintiff to establish that the Mallory Steamship Company promised Nicholas Druhan to furnish good and sufficient apparatus for the hoisting of cargo aboard the steamship Shawmut, it is not necessary that the agreement should have been expressed in words, but it would be sufficient if the Mallory Steamship Company employed Druhan to load said steamship, and the jury believe under all the circumstances that they understood in so contracting that the Mallory Steamship Company was to furnish good and sufficient apparatus as aforesaid.

Smith, Young & Leigh, of Mobile, for appellant.

The defendant was entitled to the affirmative charge. 196 U. S. 217, 25 Sup. Ct. 226, 49 L. Ed. 453, 2 Ann. Cas. 525; 112 Ala. 347, 20 South. 384; 172 Ala. 336, 55 South. 526; 134 Ala. 570, 33 South. 343; 7 Mayfield 896; 193 Ala. 648, 69 South. 106; 163 Ala. 244, 50 South. 926; 42 Ala. 672; 109 Ala. 130, 19 South. 398; 170 Ala. 559, 54 South. 525; 132 Ala. 462, 31 South. 519; 97 Ala. 147, 12

South. 574. The court erred in the admission of evidence. 149 Ala. 623, 43 South. 117; 167 Ala. 365, 52 South. 640; 109 Ala. 198, 19 South. 522; 73 Ala. 446; 163 Ala. 565, 51 South. 37; 17 Ala. 648; 88 Ala. 182, 7 South. 185. The court erred in admitting the testimony of the witness Young on former trial. 95 Ala. 383, 11 South. 215. The court erred in giving the charges made the basis of assignments 58 and 59. 73 Ala. 396.

Harry T. Smith & Caffey, of Mobile, for appellee.

The defendant was not due the affirmative charge. 97 Ala. 467, 12 South. 473, 19 L. R. A. 628; 107 Ala. 547, 19 South. 180, 54 Am. St. Rep. 118; 159 Ala. 171, 48 South. 703; 144 Ala. 457, 39 South. 560; 81 Ala. 200, 8 South. 216; 182 Ala. 656, 62 South. 104; 26 Cyc. 1545. The steamship company must furnish the appliances according to admiralty law. 244 U. S. 205, 37 Sup. Ct. 524, 61 L. Ed. 1086; L. R. A. 1918C, 451, Ann. Cas. 1917E, 900; 244 U. S. 255, 37 Sup. Ct. 545, 61 L. Ed. 1116; 243 Fed. 808, 156 C. C. A. 319; 250 Fed. 679, 163 C. C. A. 25; 218 Fed. 820, 134 C. C. A. 508. The words "good and sufficient appliances" mean simply proper or suitable appliances. 6 Corpus Juris, 1117, and authorities there cited. There was no error in the admission of evidence. 202 Ala. 574, 81 South. 76; 14 Cyc. Dig. Ala. 609; 121 Ala. 529, 25 South. 898; 93 Ala. 181, 9 South. 577. There was no error in admitting Young's testimony, given on former trial. 106 Ala. 74, 17 South. 512; 86 Ala. 52, 5 South. 435; 133 Ala. 8, 32 South. 158; 107 Ala. 68, 18 South. 240. Counsel discuss the charges given, but without citation of authority.

MERRITT, J. This case was formerly before this court, being reported in 16 Ala. App. 438, 78 South. 636. It is an action in the name of Nicholas Druhan, as plaintiff, for the benefit of his insurer, the Georgia Casualty Company, to recover a sum paid by the casualty company under the terms of an insurance policy protecting the plaintiff against loss for personal injuries sustained by a servant of the plaintiff.

In December, 1914, the Mobile agent of the defendant steamship company, Mr. Du Bois, received a letter from the defendant, advising him that the steamship Shawmut was available at Mobile on the 28th for a full cargo of ties, and instructing him to be on the lookout for the vessel and to give her a full load and prompt dispatch. The Shawmut was a Southern Steamship Company steamship. Shortly after receipt of this letter, acting under the authority of the

same, Mr. Du Bois entered into a contract with the plaintiff to load the vessel. The contract was oral, and according to Mr. Du Bois, who testified on behalf of the defendant, was expressed as follows:

"The main point we discussed was the rate at which he would load her, and as well as I remember he said 3 cents a tie. I made the agreement with Mr. Druhan to load her, and the ship came in and he stevedored her. * * * Nothing was said about the Mallory Line."

Upon the arrival of the Shawmut at Mobile, it was, for the purpose of loading, under the control and supervision of Mr. Du Bois, who continued to act under the authority of the letter referred to. As stated by him:

"I handled the ship. * * * I handled the ship for them [the defendant]."

At no time did he act as agent or under the direction of the Southern Steamship Company. The vessel was loaded by the plaintiff under the arrangement with Mr. Du Bois; the bill for services rendered was presented to him and paid by check of the defendant steamship company. The defendant introduced in evidence that the defendant was handling the ship for the Southern Steamship Company, and was reimbursed for the money paid the plaintiff for stevedoring the ship by the Southern Steamship Company; but the jury was authorized to find, as they did, that the plaintiff was loading the ship for the defendant. While the ship was thus being loaded in the port of Mobile, one of the blocks that supported a derrick on the ship, used in the loading of the ship, gave way, causing the derrick to fall, strike plaintiff's servant, Higgins, while he was engaged in assisting in loading the vessel, and to break his foot and otherwise injure him. The block was split, and according to the evidence of one of the witnesses was rotten. The block and derrick were furnished by the defendant, according to the testimony of one witness, and were certainly furnished by the steamship, which, as already stated, was under the control of the defendant for the purpose of loading. The appliance had not been inspected by the plaintiff. Higgins, through his attorney, made claim against the plaintiff, and the same was settled by the casualty company. Under the terms of the contract of insurance, the casualty company was subrogated to the rights of the plaintiff, Druhan, and in this suit seeks to recover in the name of the plaintiff the amount paid out. The case was tried on the general issue before a jury, judgment being for the plaintiff, and defendant prosecutes this appeal.

[1] In view of the above statement of facts, the trial court did not err in allowing the following question, over the objection of the defendant, to be asked the witness Druhan:

"Do you know whether or not Mr. Du Bois had for a considerable time been in the habit of contracting for stevedores for loading vessels on behalf of the Mallory Steamship Company prior to that time?"

The subsequent testimony of Du Bois himself was amply sufficient to establish his agency for the defendant.

[2] The same is true of the question to Druhan:

"Did you know whether these stevedores did load those vessels for the Mallory Line under those contracts?"

[3] A proper predicate was laid for the admission of the testimony of the witness Young, given on the former trial of the case. It was for the court to decide whether the witness was out of the state, and, this fact having been shown to the satisfaction of the court on evidence authorizing such a conclusion, the ruling of the trial court will not be reversed. Jacobi v. State, 133 Ala. 8, 32 South. 158.

[4, 5] The witness Norvell was properly allowed to testify that Norvell Bros. were agents of the insurance company at the time they countersigned and delivered the insurance policy, although it appeared that their power of attorney was in writing. While agency may not be proved by the mere declaration of the agent, the agent is competent to testify to the fact of agency. Parker v. Bond, 121 Ala. 529, 25 South. 898. This issue was a collateral matter. Hence the rule of secondary evidence did not apply. Bunzel v. Maas, 116 Ala. 80, 22 South. 568. Moreover, the insurance company was shown to have recognized the policy as binding. For these reasons, the trial court did not err in allowing the introduction in evidence of the policy of insurance.

The defendant was not allowed at several points to show by witness Du Bois that the defendant had no interest in the cargo of the Shawmut, in the freight money, or in the boat. These facts were elsewhere in evidence without contradiction.

[6-10] It was incumbent upon the plaintiff to show that he was liable to his servant, Higgins, for the personal injuries sustained, that he, or the insurance company for him, settled with Higgins to avoid a judgment, and that the amount paid was not greater than a fair compensation. The fact that the plaintiff paid the damages without requiring the claim to be reduced to judgment does not prevent him from recovering over from the defendant. The work in which the servant, Higgins, was engaged was maritime in its nature and the rights and liabilities of the parties were within admiralty jurisdiction. Yet the servant's common-law remedies are reserved and the question of the liability of the plaintiff is determined by the common law. Peters v. Veasey, 251 U. S. 121, 40 Sup. Ct. 65, 64 L. Ed. 180. Under the

common law, a master is bound to exercise reasonable care and skill to furnish reasonably safe appliances, this duty being non-delegable. Chamberlain v. Southern R. Co., 159 Ala. 171, 48 South. 703; Coosa P. F. Co. v. Poindexter, 182 Ala. 656, 62 South. 104; Eureka Co. v. Bass, 81 Ala. 200, 8 South. 216, 60 Am. Rep. 152. The jury was authorized under the evidence, as already set out, to find that the plaintiff had violated this duty and had been liable to his servant.

[11, 12] The plaintiff was permitted to show, over the objection of the defendant, that, according to the general custom of the port of Mobile, where stevedores undertook to load a ship for the steamship company, the steamship company furnished the loading apparatus, including the derricks and such appliances. The contract of loading between the plaintiff and the defendant was in evidence; it was shown that the derrick and its block causing the injury were furnished by the defendant. This evidence of custom was admissible to' throw light on the proper construction of the loading contract, and to show that the derrick and the block were furnished by the defendant, not as a mere gratuity, but as a part of and in furtherance of the contract of loading between plaintiff and defendant. The customs, usages, and courses of dealings in a business may be looked to, to explain, or in the construction or interpretation of, a contract, but never to prove that a contract had been entered into. Goddard & Sons v. Garner & Bros., 109 Ala. 98, 19 South. 513; Munson S. S. Line v. Turner, 202 Ala. 574, 81 South. 76; 4 Encyc. Dig. Ala. Repts. 609.

[13] Therefore the evidence showed, or tended to show, that the defendant furnished to the plaintiff the defective apparatus that caused the personal injury to the servant and 'the plaintiff's 'financial loss; that this apparatus was furnished as a part of and in furtherance of the contract of loading between the plaintiff and the defendant. By this contract of employment, as shown by the express terms of the contract and the manner in which the work was carried on, the defendant did not retain control of the plaintiff or his workmen in the execution of the work of loading the ship. The plaintiff, and not the defendant, had the power to dictate the particular manner in which the appliances furnished were to be used and in which the laborers should do the work. The plaintiff was, as to the defendant, an independent contractor, and not a servant. What duty, express or implied, does an employer owe an independent contractor in reference to apparatus furnished him to be used in carrying out the particular work contracted for?

[14, 15] Where there is a bailment for the mutual benefit of the parties, as for hire, there is imposed on the bailor, in the absence of a special contract or representation, an obligation that the thing or property bailed for use shall be reasonably fit for the purpose or capable of the use known to be intended. 6 C. J. 1117, § 52. It has been held that the manufacturer and seller of an elevator impliedly warrants that the elevator would be suitable and safe for 'use. Otis Elevator Co. v. Cameron (Tex. Civ. App.) 205 S. W. 852. Therefore, in furnishing the derrick and block under the circumstances of this case, the defendant impliedly warranted that they would be suitable for the purpose for which they were furnished. This warranty was found to have been violated by the defendant, and this finding will not be disturbed.

[16, 17] The plaintiff seeks. indemnity on account of the breach of this warranty. An employer, against whom recovery has been had for injury to his employé, may, notwithstanding his negligence in not inspecting, enforce indemnity against one who is under obligation to him, as in this case, to furnish suitable appliances, the breach of which obligation caused the injury. The employer's negligence in failing to inspect is only passive; that of the one furnishing the appliance is active. Otis Elevator v. Cameron, supra. The exceptions to 'the rule that indemnity will not be allowed among joint wrongdoers are that a joint wrongdoer may claim indemnity where he has not been guilty of any fault, except technically or constructively, or where both parties are at fault, but the fault of the party from whom indemnity is claimed was the efficient cause of the injury. Where an injury results from a violation of a duty which one owes to another, the parties are not in pari delicto.

[18] While an employer owes the duty to his employés of refraining from using defective appliances furnished by a third person under the circumstances of this case, the primary duty of furnishing safe appliances rests upon the third person, and he must indemnify the employer. Boston Woven Hose & Rubber Co. v. Kendall, 178 Mass. 232, 59 N. E. 657, 51 L. R. A. 781, 86 Am. St. Rep. 478; Alaska S. S. Co. v. Pacific Coast Gypsum Co., 71 Wash. 359, 128 Pac. 654; Fidelity & Casualty Co. of N. Y. v. Northwestern · Telephone Exchange Co., 140 Minn. 229, 167 N. W. 800; Hart v.· Noret, 191 Mich. 427, 158 N. W. 17, L. R. A. 1916F, 83; Pennsylvania Steel Co. v. Washington & Berkley Bridge Co. (D. C.) 194 Fed. 1011.; Aberdeen Construction Co. v. City of Aberdeen, 84 Wash. 429, 147 Pac. 2; Geo. A. Fuller Co. v. Otis Elevator Co., 245 U. S. 489, 38 Sup. Ct. 180, 62 L. Ed. 422; Oceanic Steam Navigation Co. v. Compania Transatlantica Espanola, 134 N. Y. 461, 31 N. E. 987, 30 Am. St. Rep. 685. These exceptions to the general rule that no right of contribution or indemnity exists

in favor of one joint tort-feasor against another are recognized in Alabama. Vandiver & Co. v. Pollak, 97 Ala. 467, 12 South. 473, 19 L. R. A. 628; Huey v. Dykes, 203 Ala. 231, 82 South. 481.

[19, 20] Under the facts presented in this case, and for the reasons heretofore set out, the court did not err in giving written charges set out in appellant's fifty-eighth and fifty-ninth assignments of error.

Affirmed.