## 31129.  ANTHONY *v.* DUTTON.

DECIDED JANUARY 31, 1946.

*Augustine Sams,* for plaintiff in error.
*T. O. Hathcock,* contra.

PARKER, J.  William Henry Dutton, a minor, by his father as next friend, sued Mrs. E. Anthony for damages. He alleged that

he was four years of age when he was injured on December 6, 1943, from a falling mantel-board in the home where he resided with his parents as tenants of the defendant; that the wooden mantel-board was not securely attached to the wall, and was in a dangerous and defective condition for some time before it fell; and that the defendant was negligent in failing to repair the same within a reasonable time after notice of its condition. The general and special demurrers to the petition were overruled, and these rulings are excepted to. A verdict for $500 was found for the plaintiff. The defendant's motion for new trial was overruled.

■ The general demurrer of the defendant stated in substance that the petition of the plaintiff did not set forth a cause of action, because it appeared therefrom that the proximate cause of the plaintiff's injury was his own negligence, along with the negligence of his parents, and was not the negligence of the defendant. These same grounds were urged in special demurrers to specified parts of the petition, with the further claim that they were mere conclusions. The plaintiff could not be guilty of contributory negligence, any negligence of his parents was not imputable to him, and the allegations attacked as conclusions were supported by specific facts detailed with sufficient definiteness. The court did not err in overruling the demurrers. See *Pacetti* v. *Central Ry. Co., 6 Ga. App.* 97(3) (64 S. E. 302).

■ Grounds 5, 6, 7, and 9 of the amended motion for new trial present the contentions that the plaintiff was required to exercise due care for his own protection, and could not recover if he failed to do so; and that it was the duty of the plaintiff's parents to exercise ordinary care to safeguard their minor child from dangers known to them, and that, if they were negligent in this respect, the child could not recover. These contentions were made in the pleadings and in written requests to charge which were refused by the court.

The evidence showed that the plaintiff was four years, three months and two days old when he was injured. He was too young to be charged with any degree of care regarding his own safety, and he could not be guilty of contributory negligence. "A child only four-and-a-half years of age is incapable of being guilty of contributory negligence." *Crawford* v. *Southern Ry. Co.,* 106 *Ga.* 870(2) (33 S. E. 826); *City Ice Delivery Co.* v. *Turley,* 44 *Ga.*

*App.* 32, 36(5) (160 S. E. 517); *Locke* v. *Ford,* 54 *Ga. App.* 322(2) (187 S. E. 715). The rulings in the cited cases dispose of the contention that the plaintiff could not recover if he failed to exercise a certain degree of care for his own safety. The other contentions in these grounds are likewise untenable. In the turntable case of *Ferguson* v. *Columbus & Rome Ry.,* 77 *Ga.* 102(3), it was held that "the fault of the father, if any, is not attributed to the infant, the action being brought by the infant herself." In *Herrington* v. *Macon,* 125 *Ga.* 58(5) (54 S. E. 71), an action by a child for injury arising from the negligence of a city in leaving a sidewalk in a dangerous condition, it was held that "any negligence on the part of his mother in failing to keep him [the child] from danger could not be imputed to the plaintiff himself." Ordinarily, a member of a tenant's family stands in his place and is controlled by the rules governing the tenant as to the right of recovery for injuries arising from the landlord's failure to properly repair or keep the premises in repair. But a child less than four-and-a-half years of age, who is conclusively presumed to be incapable of contributory negligence, is not chargeable with the negligence of his parent, the tenant, in failing to prevent him from using the alleged defective and dangerous portion of the premises, in an action brought by the child in his own behalf. *Williams* v. *Jones,* 26 *Ga. App.* 558(2) (106 S. E. 616); *Oglesby* v. *Rutledge,* 67 *Ga. App.* 656(2) (21 S. E. 2d, 497). Therefore we hold that the act of the mother of the plaintiff in leaving him unattended in the room with the defective and dangerous mantel, which was alleged to be negligence and the proximate cause of the injury, was not imputable to the plaintiff and did not bar a recovery in this action brought by the plaintiff himself. The charge complained of in ground 10, to the effect that the fault of the parent or custodian is not chargeable to the child, in cases of this kind, was proper and applicable under the holding herein.

■ Ground 8 complains of the refusal of the court to charge a written request that, if the defendant was not guilty of negligence, even though the child was hurt, there could be no recovery. The court charged that, before there could be a recovery for the plaintiff, the jury must find that the plaintiff had been damaged or injured, and that "such injury was the proximate result of some negligence on the part of the defendant." This charge substan-

tially covered the principles contained in the request. Grounds 11 and 12 complain of charges requested by the defendant and refused by the court, relating to the reciprocal duties of a tenant and a landlord respecting knowledge and notice of defective premises, the use of such premises by the tenant and members of his family, and the examination and repair of such premises by the landlord. A careful reading of the whole charge shows that the legal principles contained in these requests so far as applicable to the case were charged by the court. There is no error in either of these grounds.

■ Ground 13 complains of an excerpt from the charge as follows: "When such notice (notice to the landlord) is given, it is the duty of the landlord to make the repairs in a reasonable time, and on failure to do so the landlord is responsible for any damages that may result to the tenant or members of his family." This excerpt is taken from the middle of a paragraph, and does not show the connection in which this charge was given. It must be considered in the light of the context and in connection with the entire charge. When so considered, it is not subject to the objection urged and does not show error.

■ The only remaining assignment of error (in ground 4) is that the verdict is grossly excessive and void, because it was based on prejudice and bias resting on the minds of the jury. We think that the amount of the verdict alone disproves any contention that it was excessive, and that the evidence would have justified a finding for a larger amount. Before this court can review the finding of the jury on the contention that their verdict is excessive, it must appear that the finding was due to prejudice or bias, or that the verdict was influenced by corrupt means. *Atlantic Greyhound Corp.* v. *Austin*, 72 *Ga. App.* 289 (33 S. E. 2d, 718).

■ This case is controlled by the principles set forth in division 2. The evidence was amply sufficient to authorize the verdict as found, and in the absence of error the case must be affirmed.

*Judgment affirmed. Sutton, P. J., and Felton, J., concur.*