155 So.2d 314

Sara Jackson DEEN

v.

Mary Ruth HOLDERFIELD.

6 Div. 632.

Supreme Court of Alabama.

July 11, 1963.

R. Clifford Fulford, and Grover S. Mc-
Leod, Birmingham, for appellee.

Dempsey F. Pennington, Birmingham,
for appellant.

LIVINGSTON, Chief Justice.

This is the second appeal in this case. See 269 Ala. 260, 112 So.2d 448. We there held that the trial court did not err in setting aside a judgment for $7500 for the plaintiff on defendant's motion. The second trial resulted in a verdict for plaintiff for $7200 and the defendant's motion for a new trial was overruled, hence this appeal.

Mary Ruth Holderfield, the appellee and plaintiff in the court below, is the wife of Frank H. Holderfield. Sometime prior to January, 1957, Frank Holderfield executed to Mrs. John Hightower a lease of an apartment for the use of his family, located on 18th Street, Ensley, Birmingham, Alabama. After the lease was executed, the building was sold to Sara Jackson Deen, the defendant in the court below and appellant here.

The crux of this case is a provision contained in the lease of the building to Frank H. Holderfield. No question is raised as to Mrs. Deen succeeding to the rights of Mrs. John Hightower. Mrs. Holderfield did not execute the lease. The lease contained the following clause:

> "3rd. It is agreed that the premises are in good and safe condition, and the landlord is hereby absolved and released from any liability or claim to the tenant or other party occupying said premises accruing from any defect in said premises, or from rain, wind, water or other cause whatsoever not attributable to the wilful act of the said landlord during the term of occupancy by said tenant."

In the latter part of January, 1957, appellant received a complaint that the Holderfield kitchen sink was leaking, whereupon she (Mrs. Deen) and her brother undertook to repair it. In so doing, they removed a portion of the drain pipe and placed a bucket under the sink to catch the water. Because of the fact that a sink in the apartment above the Holderfields drained into the same system of pipes, this bucket was often caused to overflow, and Mrs. Holderfield had to empty the bucket. On one such occasion, while attempting to empty it, she slipped on the floor, made slippery, wet and greasy by the overflow of water, and sustained the injuries complained of.

Appellee's Count D, the sole count with which we are here concerned, alleged, in substance, that appellant negligently allowed the drain to said sink to be disconnected for a long period of time, to wit, four days, and that as a proximate consequence thereof, appellee was injured. Demurrers to this count were overruled.

Appellant interposed pleas of the general issue, contributory negligence, and the 6th plea set up the third clause of the lease (set out above) as a release of liability on the part of appellant. Demurrers to that plea were sustained.

Appellant assigns many errors, raising the questions of proximate causation, contributory negligence, excessiveness of the verdict, the sufficiency of Plea 6, the sufficiency of Count D as against demurrer, the refusal of the trial court to grant the affirmative charge, and whether or not the verdict and judgment were contrary to the law and the great weight of the preponderance of the evidence.

We have concluded that the exculpatory clause in the lease exonerates the appellant from liability to the appellee. Accordingly, we confine our discussion to that one issue.

■ It must be conceded that under the terms of the lease the landlord was bound to make no repairs, but when he did so voluntarily, he was, in the absence of any agreement to the contrary, liable for his negligence in making those repairs. Southern Apartments, Inc. v. Emmett, 269 Ala. 584, 114 So.2d 453; Faucett v. Provident Mutual Life Ins. Co. of Philadelphia, 244 Ala. 308, 13 So.2d 182.

There was in the instant case, however, the above-mentioned clause, which the appellant strongly urges exonerated her from liability. The clause raised two problems; whether appellee, not having signed the lease, was bound by its terms, and whether the clause as a matter of law exonerated appellant from liability.

We have been cited to no Alabama case, nor has our research revealed one, involving the landlord and the tenant's wife or members of his family.

■ The general rule seems to be that in the absence of a contrary statute, the duties and liabilities of a landlord to the wife, children and other members of the tenant's family or household are the same as those between landlord and tenant. Anthony v. Dutton, 73 Ga.App. 389, 36 S.E.2d 836; Gibson v. Littlejohn, 67 Ga. App. 597, 21 S.E.2d 248. They can have no greater claim against the landlord than the tenant himself would have under like circumstances. Finley v. Williams, 45 Ga. App. 863, 166 S.E. 265.

Our case of Uhlig v. Moore, 265 Ala. 646, 93 So.2d 490, involved the nonliability of a landlord to repair, and we there said:

"* * * This rule is applicable to a subtenant and his family, Faucett v. Provident Mutual Life Insurance Co. of Philadelphia, 244 Ala. 308, 13 So.2d 182; and the guests of a tenant or subtenant are not members of the general public, but enter the premises under the tenant's or subtenant's title, and can have no better right than that of the tenants. Hallock v. Smith, supra." [207 Ala. 567, 93 So. 588.]

It seems to us that the instant case involving lessee's wife would be much stronger for appellant than those cited above dealing with the guest of a sublessee.

It must follow, therefore, that if, in the instant case, the tenant was bound by the exculpatory clause, his wife was bound by it also.

Appellee strongly argues to the contrary, citing Springer v. Ford, 189 Ill. 430, 59 N.E. 953, 52 L.R.A. 930; Griffen v. Manice, 166 N.Y. 188, 59 N.E. 925, 52 L.R.A. 922; and B. Shoninger Co. v. Mann, 219 Ill. 242, 76 N.E. 354, 3 L.R.A.,N.S., 1097.

But these cases throw very little light on the instant question because they all involved the binding of the lessee's *employees* by an exculpatory provision in the lease. A tenant's family is in an entirely different position.

We think the strongest case, not cited by appellee, in favor of appellee's position is that of Valentin v. D. G. Swanson & Co., 25 Ill.App.2d 285, 167 N.E.2d 14. It held that a wife is not bound by an exculpatory clause in a lease signed by her husband only. We think that case can be distinguished from the instant case in that in the Valentin case, the plaintiff's wife was injured on a common stairway, one within the landlord's control. The court there stated:

"Injuries incurred in the *common areas,* however, may be the basis for a cause of action by the injured party in his individual capacity, without regard to the tenant's rights, *where the landlord is responsible for maintenance of those areas.* * * *.

"* * * the clause barring actions by persons 'claiming through Lessee' as contained in the lease, has no application to this case. Appellant is not 'claiming through Lessee', but was on the stairway as an *invitee of the landlord,* entitled to all the protection which the law has provided for such persons." (Emphasis supplied.)

We do not think that the wife of a tenant-lessee lives on the premises as a guest or invitee of the landlord.

■ Having determined that the appellee was bound by the exculpatory clause of the lease, we turn now to the question of whether or not that clause controls the present case.

Both parties rely on Wheeler, Lacey & Brown, Inc. v. Baker, 269 Ala. 293, 112 So. 2d 461, and Armi v. Huckabee, 266 Ala. 91, 94 So.2d 380.

Appellant also filed a supplemental brief citing Republic Steel Corp. v. Payne, 272 Ala. 483, 132 So.2d 581. The Armi and Baker cases hold that a clause exonerating the landlord from damages incurred from any defect in the building, or any cause whatsoever, does not exonerate the landlord from personal injuries attributable to his own active negligent conduct, but it does relieve him from liability based on a defect which involves no affirmative negligence on his part.

While it appears to us that the facts in the instant case would fall into the latter category and thus necessitate a verdict favorable to appellant, it seems unnecessary to categorize appellant's acts as active or passive. The evident purpose of the clause was to exonerate the appellant landlord from damages resulting from any cause not attributable to said landlord's willful act. Even if appellee's tenuous distinction between a willful act and a willful injury is accepted, appellant's conduct could be no more than simple negligence, and that is the way the case was tried in the lower court. That a willful act is different from a mere negligent act is an elemental principle of law.

The Court of Appeals, in the case of Padgett v. State, 36 Ala.App. 355, 56 So.2d 116, stated:

"A 'willful' act may be described as one 'done intentionally, knowingly, and purposely, without justifiable excuse, as distinguished from an act done carelessly, thoughtlessly, heedlessly or inadvertently.' Lobdell Car Wheel Co. v. Subielski, Del., 2 W.W.Harr. 462, [31 Del. 462] 125 A. 462, 464."

The actions of appellant, characterized by appellee in her own pleadings as negligence, fall far short of a willful act.

The trial court erred in sustaining the demurrers to appellant's Plea 6, and the motion for a new trial based on that ground should have been granted.

Reversed and remanded.

LAWSON, GOODWYN and COLEMAN, JJ., concur.