274 So.2d 316

**WALTER L. COUSE & COMPANY**

v.

**The HARDY CORPORATION.**

**Civ. 14.**

Court of Civil Appeals of Alabama.

Nov. 15, 1972.

Rehearing Denied Dec. 13, 1972.

London, Yancey, Clark & Allen and Thomas R. Elliott, Jr., Birmingham, for appellant.

Spain, Gillon, Riley, Tate & Ansley and Ollie L. Blan, Jr., Birmingham, for appellee.

HOLMES, Judge.

This appeal is from a judgment of nonsuit entered by the trial court on motion of appellant after the sustaining of demurrers filed by appellee.

The original action was a two-count complaint. The complaint was later amended by adding two additional counts. The trial court, on June 26, 1970, sustained appellee's demurrers to Counts One through Four. Thereafter, on November 23, 1971, appellant amended his complaint by adding thereto Counts Five and Six and appellee's demurrers to Counts Five and Six were sustained on November 23, 1971.

Appellant's six assignments of error are that the trial court erred in sustaining demurrers to each of the six counts.

█ At the outset we must determine whether the trial court's ruling on demurrers as to Counts One through Four are before us for review. Appellee contends that only the trial court's ruling on demurrers to Counts Five and Six are properly before us. In this contention, we must agree.

The Minute Entry reflects the following:

"On this the 24th day of November, 1971, came the parties by their attorneys, and plaintiff, by and through its attorneys, declines to plead further and moves the court for a nonsuit on account of the adverse rulings of the court in sustaining defendant's demurrer to the complaint as last amended, and each count thereof, separately and severally; and the same having been fully considered and understood by the court, it is ordered, adjudged and decreed by the court that said motion be, and the same is hereby granted and a nonsuit is hereby entered in this cause; and let the defendant go

hence without delay and have and recover of plaintiff all costs herein accrued for which execution may issue."

The Supreme Court of Alabama has consistently held that where a demurrer to a count has been sustained, and that count was later amended and a demurrer was again sustained, whereupon a nonsuit was taken, the action of the trial court in sustaining the demurrer to the original count is not before the court for review and the court is without authority to review it. The reason for this rule is that if the plaintiff had desired a decision upon the question presented on demurrer to the original complaint, it could have declined to plead further after the demurrer to the original complaint was sustained, and in this way have presented to the court by way of appeal from a nonsuit the question for review. See Kent v. Coleman Co., 285 Ala. 288, 231 So.2d 321; Roan v. Associates Discount Corporation, 281 Ala. 100, 199 So.2d 643; Cauble v. Boy Scouts of America, 250 Ala. 152, 33 So.2d 461; Mullins v. Ala. Great Southern R. Co., 239 Ala. 608, 195 So. 866; Ala. Great Southern R. Co. v. H. Altman Co., 191 Ala. 429, 67 So. 589; Calvert Fire Ins. Co. v. Maddox, 38 Ala.App. 194, 82 So.2d 277.

█ This court is mindful that where it appears from the motion for nonsuit and the judgment thereon that the nonsuit was *superinduced by the cumulative rulings of the court on the demurrer of the defendant that each decree may be assigned as error.* Lewis v. Haynes, 266 Ala. 564, 98 So.2d 52. However, the motion and judgment in this instance do not so reflect. Particular attention is noted of the language of appellant's motion ". . . to the complaint as last amended."

Count Five of the complaint attempts to assert a cause of action based on expressed contractual indemnity due from appellee, hereinafter referred to as subcontractor, to appellant, hereinafter referred to as contractor, under a provision in the contract between contractor and subcontractor.

The indemnity provision of the contract in question is as follows:

"The sub-contractor (defendant) will protect, defend, indemnify and hold harmless Walter L. Couse & Co., from *any* damages, claims, liabilities, attorneys' fees or expenses whatsoever, or *any amount paid in compromise thereof arising out of or connected with the performance of this order.*" [Emphasis added]

From briefs, which, this court might add, reflect skill in research and leave little area for independent probing by this court, it is apparently conceded by both parties that the trial court's ruling in sustaining the demurrer to Count Five is based upon the insufficiency of the above quoted provision of the contract to hold the subcontractor liable for a settlement paid by contractor in compromise of a claim by a third party. From briefs, it is further determined that the trial court ruled as a matter of law in sustaining the demurrer, that the agreement was not broad enough to encompass a claim of negligence against the contractor.

The record and briefs reflect that a third party brought suit against both contractor and subcontractor for negligently injuring her by causing a *public sidewalk* to be in such condition that it was not reasonably safe for use by pedestrians. [Emphasis added] *Contractor settled the third party's claim by compromise.*

Subcontractor's basic contention is that a party may not, by contract, absolve itself of liability for its own negligence or the negligence of its servants, and an undertaking to indemnify one's self against one's own negligence must be clearly and unequivocably expressed.

Subcontractor, appellee, cites Smith v. Kennedy, 43 Ala.App. 554, 195 So.2d 820, cert. den. 280 Ala. 718, 195 So.2d 829, for the proposition that under Alabama law a party may not by contract absolve himself of liability for the negligence of himself or

his servants. And that is the law of that case. However, as Justice Merrill points out in Eley v. Brunner-Lay Southern Corp., 289 Ala. 120, 266 So.2d 276, the above rule is not always applied. See Deen v. Holderfield, 275 Ala. 360, 155 So. 2d 314; and Republic Steel Corp. v. Payne, 272 Ala. 483, 132 So.2d 581. The indemnity provision in *Republic Steel, supra,* is similar to the provision that we are concerned with.

Subcontractor cites to us those cases which establish what has been called the majority rule of strict construction which appears to be "that the parties are presumed to intend that the indemnitee shall not be indemnified for a loss caused by his own negligence unless the language of the contract affirmatively expresses an intent to indemnify for such loss. . . ."

This rule has also been stated to mean that in order for an agreement to be sufficient to indemnify against one's own negligence, the agreement must contain the talismanic words, "Negligence, sole or concurred."

We believe the language of the indemnity agreement in question to be clear and unequivocal that the subcontractor was to indemnify the contractor against claims from a third party when such claims arose out of or were connected with the performance of the subcontract even though the contractor himself may have been guilty as a matter of law of negligence to the third party. To give another construction to the provision in question would be inharmonious with the rulings of the supreme court. See *Eley, supra,* and *Republic Steel, supra.* As the supreme court stated in *Eley:*

"[T]his court has approved [indemnity] provisions in contracts where the main purpose of the contract was not to [indemnify] . . .; and in both *Payne,* 272 Ala. 483, 132 So.2d 581, and *Mason & Dulion Co.,* supra [274 Ala. 202, 145 So.2d 711], this court held that the use of the word 'negligence' in . . . an indemnity provision was not necessary to show that the parties intended the indemnity provisions to be effective." (266 So.2d at 279)

Both the contractor and the subcontractor cite to this court cases wherein the Fifth Circuit Court of Appeals has interpreted various indemnity provisions under what they perceive the law to be in Alabama. The case of Batson-Cook v. Industrial Steel Erectors, 257 F.2d 410 (1958), is cited by subcontractor, but as Justice Merrill stated in *Eley, supra,* the Fifth Circuit Court of Appeals has followed *Payne* and *Deen, supra,* in Black Warrior Electric M. Corp. v. Miss. Power Co., 413 F.2d 1221 (1969), and concluded that Alabama court would follow *Payne* and *Deen, supra,* rather than *Batson-Cook, supra.* However, as the supreme court further said in *Eley, supra,* a later case decided by the Fifth Circuit in 1970, Transcontinental Gas Pipe L. Corp. v. Mobile Drill Barge, 424 F.2d 684, cites *Batson-Cook* with approval.

As it is appropriate in this case, we again quote the Supreme Court of Alabama in *Eley,* as follows:

"We have not cited any of these 5th Circuit cases with approval, but merely to show how the decisions vary in the same court on the question of what the law is in Alabama. Neither do we try to reconcile or distinguish the various decisions. We leave that to the court which originated the various opinions." (266 So.2d at 280)

We believe the cases of the Alabama Supreme Court hold that the intention to indemnify the negligence of the indemnitee must clearly appear from the wording of the instrument, but when that intention is clear, the indemnity provisions will be read and construed so as to give them the meaning the parties have expressed, and that the provision concerning indemnification in this instance is broad enough to cover the situation in question

and, therefore, Count Five does state a cause of action. Hence the learned trial court was in error in sustaining the demurrer as to Count Five.

Contractor's Count Six attempts to state a cause of action based upon the same facts and circumstances as set out in Count Five heretofore discussed. However, Count Six is not based upon any expressed contract to indemnify, but alleges that contractor sustained liability to the third party "by virtue of the fact that it was the prime contractor charged with performing the work on the aforesaid premises, but which the defendant, as its subcontractor, in fact performed under its subcontract with the plaintiff. Plaintiff further avers that it was not guilty of any active negligence in tearing up or partially tearing up of the public sidewalk in front of the aforesaid premises or in connection with placing or leaving certain boards over and along said public sidewalk or leaving the same uneven or not reasonably safe for the members of the general public in using said public sidewalk, *but that its liability in connection therewith resulted solely from an act of the defendant which was imputed to it as prime contractor.*", and is therefore entitled to be indemnified by subcontractor. [Emphasis added]

█ As both counsel for contractor and subcontractor so ably point out, indemnity will not be allowed among joint tortfeasors in Alabama. See Mallory S. S. Co. v. Druhan, 17 Ala.App. 365, 84 So. 874. However, an exception to the above is that a joint wrongdoer may claim indemnity where he has not been guilty of any fault, except technically or constructively, or where both parties are at fault, but the fault of the party from whom indemnity is claimed was the efficient cause of the injury. Where an injury results from a violation of a duty which one owes to another, the parties are not in *pari delicto*. See *Mallory, supra*.

The Supreme Court of Alabama has recognized the principle that a master may be indemnified against his servant when the master is liable solely by reason of the negligence of his servant. See American Southern Ins. Co. v. Dime Taxi Service, 275 Ala. 51, 151 So.2d 783. Put another way, the one seeking indemnity has been allowed to do so since its liability to a third person was only vicarious or derivative. Or as appellee states in brief, indemnity between master and servant lies when the master is guilty of no negligence himself other than by the doctrine of *respondeat superior*.

If appellant here alleged an action for nonexpressed contractual indemnity against his subcontractor and the allegation in the complaint on its face showed contractor to be a joint tort-feasor not coming within the exception previously stated, no action would lie. However, in the instant case appellant alleges its liability results solely from an act of defendant which was imputed to appellant as prime contractor; i. e., that his liability to the third person was vicarious or derivative, or that the fault of the subcontractor was the efficient cause of the injury.

Therefore, to this court, if appellant's liability to a third party could arise under the law solely because of the relationship of contractor to subcontractor, much like that of master to servant, then appellant has stated a cause of action.

█ It is the general rule of law in Alabama, unlike that of master and servant, that a contractor is not liable for the negligence of its subcontractor. See Williams v. Wise, 255 Ala. 322, 51 So.2d 1, where the Supreme Court of Alabama stated:

"But a contractor is not liable to a member of the public for the negligence of a subcontractor, except (1) that the contractor and his original contractee and his subcontractor are each liable to the public for injuries resulting directly and necessarily from the acts authorized to be done; but this does not extend to injuries which are not a necessary result

of the work, but are caused by the negligent act of the subcontractor in doing the work, for then the subcontractor alone is responsible. Another exception to the general rule above stated is (2) where the law imposes on the original contractor a duty to keep the subject of the work in a safe condition (such as a city in respect to streets), the duty continues throughout its performance. . . ." (255 Ala. at 327, 51 So.2d at 5)

It is clear that if there were no exceptions to the general rule that a contractor is not liable to a member of the public for the negligence of a subcontractor, then there could be no cause of action in this instance based upon the relationship of conractor to subcontractor as no negligence would be imputed to contractor.

The exception to the general rule, however, as noted in *Wise, supra,* could apply in this case and we believe the count is so stated.

■ The appellant-contractor could, under the facts to be proved in this instance, be liable to a member of the public for the negligence of his subcontractor, appellee here, solely because the law imposes upon the contractor a duty to keep the subject of the work in a safe condition, even though the subcontractor is the one to perform the work. The Supreme Court of Alabama, in Thomas v. Saulsbury and Co., 212 Ala. 245, 102 So. 115, stated that generally the subcontractor, with relation to the work committed to him, is an independent contractor and not an employee and, as a general rule, the law of *respondeat superior* does not obtain in such case. However, an exception obtains where a duty to the public exists in the manner of executing the work undertaken by the contractor. Such duty exists when the execution of the work tends to create a nuisance; when it is dangerous within itself, as in blasting operations; when the work requires the creation of dangerous conditions, such as

ditches and the like in a *public highway* [emphasis added]; or generally, when the maintenance of safe conditions in connection with the work is essential to the protection of the public. In such case the chief contractor cannot transfer his public duty to a subcontractor. *If the contractor places the performance of such duty in the hands of another, to that extent, that other is in law the mere agent, and the contractor is liable* for his negligence. [Emphasis added] See also Ledbetter-Johnson v. Hawkins, 267 Ala. 458, 103 So.2d 748; Massey v. Oates, 143 Ala. 248, 39 So. 142.

■ From the above it is apparent that the relationship of contractor to subcontractor can, under certain facts proved at trial of cause, be such that the contractor is liable for acts of his subcontractor, even though the subcontractor is the efficient cause of the injury, like that of master to servant, and we have seen that indemnity can exist in a master-servant situation. See *Dime Taxi, supra.* Also, note that the allegations in the case at bar are that the third party was injured as a result of falling on a *public sidewalk.* [Emphasis added]

We, therefore, conclude that contractor-appellant has alleged a cause of action in Count Six and in this conclusion we emphasize that the proof at trial may be otherwise; to wit. the proof may be that contractor is a joint tort-feasor not falling within exceptions stated, supra.

In view of the above, we hold that the trial court erred in sustaining the demurrer to Counts Five and Six and in so doing note that the learned trial court did not at the time of its ruling have available to him the Alabama Supreme Court's holding in the *Eley* case, *supra.*

Reversed and remanded.

WRIGHT, P. J., and BRADLEY, J., concur.